Thomas Swank, Appellant *v.* Bensalem Township and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Argued March 5, 1982, before President Judge
CRUMLISH and Judges BLATT and DOYLE, sitting as a
panel of three.

*Barton A. Haines,* for appellant.

*James M. Marsh,* with him *Jonathan D. Herbst,* of
counsel: *LaBrum and Doak,* for appellee, Bensalem
Township.

*Gary B. Gilman,* Deputy Attorney General, for ap-
pellee, Department of Transportation.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 31, 1982:

A Bucks County Common Pleas Court granted Bensalem Township's motion for summary judgment. Thomas Swank appeals. We affirm in part and reverse and remand in part.

Swank was seriously injured in a motorcycle accident at the "Pen Ryn" curve on State Road, a state highway,[1] in Bensalem Township. The Township had previously applied to the Department of Transportation for a permit to erect flashing warning lights at the approaches to the "Pen Ryn" curve, following a series of collisions at the curve. The lights had not been erected at the time of Swank's mishap.[2]

Swank alleges that the Township's delay in erecting these lights constituted negligence, and that the issue of the reasonableness of the delay was one of fact which should have been submitted to a jury. We disagree and conclude that the motion for summary judgment was properly granted as to this issue.

In *Stevens v. Reading Street Railway Co.*, 384 Pa. 390, 121 A.2d 128 (1956), the plaintiff was injured after stepping into a hole in a state road in the City of Reading. Our Supreme Court, in interpreting the various provisions of the State Highway Law,[3] wrote:

> The effect of these provisions was to place the control and responsibility for repair and maintenance of North Fifth Street, the scene of the accident, upon the Commonwealth. Since the

---

[1] State Road, Legislative Route 09001, was dedicated as a state highway by the Act of June 22, 1931, P.L. 594, 36 P.S. §1738-1.

[2] The permit was approved by the Department of Transportation on November 25, 1977, however, the flashers were not erected until March 13, 1979. The Township alleged that this delay was due to bidding and construction problems.

[3] State Highway Law, Act of June 1, 1945, P.L. 677, *as amended*, 36 P.S. §670-521.

Commonwealth, by statute, has relieved the City of the obligation to repair the hole, the City cannot be guilty of negligence since there must be a *duty* and a *breach of duty* to produce a right of action. (Emphasis added.)

*Id.* at 402, 121 A.2d at 134.

Swank would distinguish this case and its progeny on the basis that the Township, by asking for and receiving a permit to erect the warning devices, had assumed the *duty* to erect these signs. He further alleges that the reasonableness of the Township's delay in erecting these devices was a question of fact for a jury and not subject to a motion for summary judgment.

The mere application for a permit to erect these devices as provided by Section 6122 of the Motor Vehicle Code, *as amended,* 75 Pa. C. S. §6122, was discretionary and created no duty because it was nothing more than an act of regulation in compliance with the Commonwealth's exclusive control of state highways.

Section 6122 states in pertinent part:

(a) General rule. — The department on State-designated highways and local authorities on any highway within their boundaries *may* erect official traffic-control devices, which shall be installed and maintained in conformance with the manual and regulations published by the department upon all highways as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit or guide traffic. (Emphasis added.)

Further, the terms of the permit relieve the Commonwealth, and impose liability on the Township, for injuries occurring:

to any person, persons or property through or in consequence of any act or omission of anyone working on the construction, or from faulty maintenance or operation of such device.

This language relieves the township of liability prior to construction of the device, as the undisputed facts in this case clearly disclose.[4]

Swank has also alleged a faulty design of the road.[5] The record is unclear whether the township or the Commonwealth had designed and constructed the road. Although the trial court casually referenced this allegation, it did not address this issue when it granted the Township's motion for summary judgment. A motion for summary judgment is only appropriate if the case is free and clear of doubt, there being no material issue of fact to be resolved. The evidence must be viewed in the light most favorable to the non-moving party and the motion may only be granted when the moving party is entitled to judgment as a matter of law. *Pennsylvania Public Utility Commission Bar Association v. Thornburgh,* 62 Pa. Commonwealth Ct. 88, 434 A.2d 1327 (1981).

We now conclude that, not only is it factually unclear as to responsibility for the initial design and construction of the highway, it is also unclear as to where liability in the law reposes if in fact the design and construction were negligent. The granting of the motion for summary judgment was error as to this issue.

---

[4] Additionally, the only time limitation included in the permit issued to the Township was the option reserved to the Commonwealth to revoke the permit if the device had not been erected within 12 months of the permit. The Commonwealth did not exercise this option here.

[5] The appellee, Bensalem Township, asserts that the allegation directed against it, pertaining to faulty design and construction of State Road is waived for failure to raise it below. This is clearly not the case. Paragraph Four of the complaint alleges that either the Township or the Department of Transportation, or both, were responsible for the "negligent design, negligent construction and negligent maintenance" of State Road. We also note that this allegation is specifically mentioned, although not addressed, in the trial court's opinion.

Affirmed in part, and reversed and remanded in part.

## ORDER

The order of the Court of Common Pleas of Bucks County, No. 80-8786-13-2 dated June 30, 1981, is affirmed in part and reversed and remanded in part.

Judge MENCER did not participate in the decision in this case.