Diane M. Calvanese, Appellant *v.* Michael J. Leist et al., Appellees.

Argued March 6, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Robert Lewis Seigle,* for appellant.

*William A. Slotter,* Deputy Attorney General, for appellee, Department of Transportation.

*Martin J. Corr, Connolly, McAndrews, Stevens, Drexler and Corr,* for appellee, Michael Leist.

*James C. Bowen, Power, Bowen & Valimont,* for appellees, Moe Henry Hankins et ux.

*Frank S. Guarrieri, Curtin & Heefner,* for appellee, Northampton Township.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 6, 1982:

The Bucks County Common Pleas Court sustained North Hampton Township's preliminary objections in the nature of a demurrer and dismissed Diane Calvanese's complaint. We affirm.[1]

Calvanese, a passenger, was injured when her vehicle veered and struck a tree. The road is a state highway within the Township. Calvanese alleges that, at the time of the accident, the road was covered with mud and debris and the signs warning of the upcoming curve were obscured by trees and bushes.

Calvanese alleges that the Township should be held liable for failure to notify PennDOT of the dangerous condition of the highway. We disagree.

In *Swank v. Bensalem Township,* 68 Pa. Commonwealth Ct. 520, 449 A.2d 837 (1982), we affirmed the grant of Bensalem Township's motion for summary judgment on the basis that the exclusive responsibility for repair and maintenance of a state road was on the

---

[1] The trial court addressed the issue of whether, should liability repose in the Township, this suit would be barred by the provision of The Political Subdivision Torts Claim Act, 42 Pa. C. S. §8541. We need not reach that issue in that we conclude that the Township bears no liability in this case.

Commonwealth.[2] *See Stevens v. Reading Street Railway Co.*, 384 Pa. 390, 121 A.2d 128 (1956). Absent some statutorily-imposed duty relegating responsibility to the Township to warn of dangerous conditions, we will not impose such.

Affirmed.

ORDER

The Bucks County Common Pleas Court order, No. 80-0303-13-2 dated April 1, 1981, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

[2] Calvanese asserts that, because the Township may exercise police powers in relation to this road, *see* Section 6109 of the Vehicle Code, *as amended*, 75 Pa. C. S. §6109, that we should conclude that these police powers must include a duty to warn. In *Stevens*, our Supreme Court addressed the contention that policing of a road should include repair and maintenance. The Court concluded that "the word 'police' is used in the statute in its ordinary and well defined meaning of maintaining law and order." *Id.* at 404, 121 A.2d at 135. We thus find Calvanese's contention to be without merit.