Rudolph J. Rinaldi and Joanne Rinaldi, his wife, Appellants *v.* Thomas J. Giblin et al., Appellees.

Argued March 5, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

254

*Paul R. Beckert, Jr., Jackson, Sullivan & Beckert,* for appellants.

*Nicholas A. Leonard,* with him *John S. Thome, Jr., Hartzel and Bush,* for appellee, Falls Township.

*Gary B. Gilman,* Deputy Attorney General, for Department of Transportation.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 6, 1982:

The Bucks County Common Pleas Court granted Falls Township's motion for summary judgment. Rudolph and Joanne Rinaldi appeal. We affirm.

Rinaldi was injured when her auto was struck by a car executing an illegal left turn from U.S. Route 1, a state highway. Prior to the accident, a "No Left Turn" sign had been present at the intersection. At the time of the accident, no such sign was in place. These facts were not disputed below.

Both Rinaldi and the Commonwealth urge this Court to conclude that the Township should be held liable for failure to warn the Commonwealth of the hazardous condition on the state highway or, in the alternative, for its own failure to either re-erect the sign or warn drivers of the hazard. We disagree.

We have already concluded, in a companion case filed today, *Calvanese v. Leist,* 70 Pa. Commonwealth Ct. 251, 452 A.2d 1125 (1982), that absent a statute imposing such a duty to warn, the Township may not be held liable for failure to notify the Commonwealth of such a hazard. Similarly, we have refused to impose liability on a Township for failure to correct a hazardous condition of a state road, the exclusive responsibility for such maintenance and repair resting with the Commonwealth. *See Swank v. Bensalem Township,* 68 Pa. Commonwealth Ct. 520, 449 A.2d 837 (1982).

Viewing the evidence in the light most favorable to the non-moving party, we conclude that Falls Township is entitled to judgment as a matter of law.[1]

Affirmed.

### ORDER

The Bucks County Common Pleas Court order, No. 79-12467-09-2 dated May 27, 1981, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

[1] A motion for summary judgment is only appropriate where there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law. *See Pennsylvania Public Utility Commission Bar Association v. Thornburgh,* 62 Pa. Commonwealth Ct. 88, 434 A.2d 1327 (1981).