## Garing v. Buffington

*Sarah Slesinger Smith,* deputy attorney general, for the Commonwealth.
*Bruce D. Desfor,* for plaintiff.

MUELLER, *J.* May 1, 1984—This matter is before the court on a motion for summary judgment filed by defendant Commonwealth of Pennsylvania.

This case arises from an accident which occurred on November 18, 1980 on United States Route 30 (Route 30) in the vicinity of the Host Farm, which is located at 2300 Lincoln Highway East (Route 30) in East Lampeter Township, Lancaster County, Pa. At approximately 5:15 p.m. on that date, plaintiff Clifton Garing was returning to the Host Farm to look for his wife. He had played the first round of a blue ribbon pairs National Bridge Tournament during the afternoon at the Host Farm. He had parked in a lot across Route 30 from the Host Farm on the north side of that highway and had walked over to the lot to get his car. Since the car was not there, he was returning to the Host Farm and while attempting to cross Route 30 again was struck by a vehicle. Deposition of Clifton T. Garing at pp. 26-32. His injuries included fractures of the right tibia and fibia and soft tissue loss in the right lower leg.

By a complaint filed February 22, 1982 and an amended complaint filed October 14, 1982, plaintiff Clifton Garing and his wife Liana Garing instituted this action in trespass. The amended complaint names as defendants Douglas L. Buffington who was the driver of the vehicle which struck plaintiff-husband, and his employer International Harvester, Inc. Also named as defendants are Host Farms of Lancaster, the correct name of this defendant being Host Enterprises, Inc., and the Commonwealth of Pennsylvania. All defendants are alleged to have been negligent, which negligence resulted in plaintiff-husband's injuries.

As against the Commonwealth of Pennsylvania, the amended complaint avers negligence in failing to provide adequate and safe crosswalks for pedestrians when the Commonwealth knew or should have known the area was commonly traversed by

pedestrians at night, in failing to erect proper warning signs and in failing to properly illuminate the roadway.

On December 7, 1983, the Commonwealth filed this motion for summary judgment seeking an order dismissing it from this action. Plaintiffs' answer was filed on January 9, 1984. Briefs having been filed by the Commonwealth, plaintiffs and defendant Host Enterprises, Inc., this motion is now properly before the court for disposition.

Summary judgment is to be granted only where the record reveals that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In making its decision, the court is to examine the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits. Pennsylvania Rule of Civil Procedure 1035(b). The court is to accept as true all well-pleaded issues of material fact and all well-pleaded facts in the non-moving parties' pleadings and any admissions of record. The record is to be examined in a light most favorable to the non-moving party, and all doubt is to be resolved against the moving party. Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Super. 198, 280 A.2d 570 (1971); Granthum v. Textile Machine Works, 230 Pa. Super. 199, 326 A.2d 449 (1974).

The facts of the accident are not in dispute. Plaintiff-husband was struck by a vehicle while attempting to cross Route 30 which is a state highway. The Commonwealth's motion for summary judgment quite simply avers that it owed no pre-existing legal duty to plaintiff-husband, and that absent such a duty the Commonwealth cannot be held liable to him for his injuries. We agree.

It is well established that "no negligence claim can be based upon a state of facts on which the law

does not impose a duty upon the defendant in favor of the plaintiff ". Boyce v. United States Steel Corporation, 446 Pa. 226, 230, 285 A.2d 459, 461 (1971). Further, our appellate courts have held that absent some statutorily imposed duty relegating responsibility to a governmental unit to warn of a dangerous condition on a highway, no such duty will be imposed. Calvanese v. Leist, 70 Pa. Commw. 251, 253, 452 A.2d 1125, 1126 (1982).

The Vehicle Code* delineates the authority of both the Commonwealth and local municipalities to erect traffic control devices in Section 6122(a);

"General rule.—The department on State-designated highways and local authorities on any highway within their boundaries *may* erect official traffic-control devices, which shall be installed and maintained in conformance with the manual and regulations published by the department upon all highways as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit or guide traffic." (Emphasis added.)

It is the Commonwealth's position that use of the word "may" in Section 6122(a) indicates that the installation of highway safety devices is a discretionary rather than mandatory responsibility of the governmental unit. In support of this position, the Commonwealth cites Swank v. Bensalem Township, et al., 68 Pa. Commw. 520, 449 A.2d 837 (1982), where the Commonwealth Court held that application by a municipality for a permit to erect warning lights, as provided by Section 6122 was "discretionary and created no duty . . .", 68 Pa. Commw. at 523. Further, in Keen v. Schlegelmilch,

---

*75 Pa.C.S. §6101 et seq., Act of June 17, 1976, P.L. 162, No. 81, eff. July 1, 1977.

14 D. & C. 3d 107 (1979), this court, in an opinion by the Honorable D. Richard Eckman, construed Section 6122 of the Vehicle Code as imposing no duty upon a local municipality to construct traffic-control devices. "The decision to erect traffic control signals and devices at intersections . . . is solely within the discretion of the township." 14 D.&C. 3d at 109.

Finally, the Commonwealth directs our attention to the recent case of McKindley v. South Side Area School District et al., 42 Beaver C.L.J. 28 (1983). There, plaintiff was struck and injured while attempting to cross a state road in order to attend an event at a high school. In her complaint, brought against both the school district and the Commonwealth, plaintiff alleged her damages were caused by negligent failure to properly light the area, post signs, provide a crossing, or warn pedestrians and motorists of possible hazards. In granting the Commonwealth's and Greene Township's motions for summary judgment the court in an opinion by Judge Kunselman noted that:

"[T]he language of Section 6122(A) of the Vehicle Code is clearly discretionary to the department as well as to the local authorities. . . . the other sections cited above are likewise discretionary. Therefore, Penn Dot, although it has exclusive control and maintenance of State highways, is under no affirmative duty to erect such signs or lighting or to act as otherwise alleged in Plaintiff 's Complaint." 42 Beaver C.L.J. at 31-32.

While conceding that the facts of McKindley, supra, are virtually identical to those of the case at bar, Plaintiffs maintain that the holding of that case is contrary to established appellate precedent as to the scope and duty of a governmental entity in control and maintenance of highways. Plaintiffs rely

principally upon the Supreme Court's holding in the case of Drew v. Laber, 477 Pa. 297, 383 A.2d 941 (1978).

In Drew, a pedestrain was struck and injured by an automobile while walking along a narrow township road. The road was extremely narrow, without any shoulders, sidewalks or berms, which required pedestrians to walk in the road itself. The township was found to have breached its general duty to "construct and maintain its highways in such a manner as to protect travelers from dangers which, by the exercise of normal foresight, careful construction and reasonable inspection, can be anticipated and avoided". 477 Pa. at 300, citing Mitchell v. Rochester Borough, 395 Pa. 373, 378, 150 A.2d 338, 340 (1959).

Comparison of the facts of the instant case for purposes of this motion with those of Drew reveals ready distinctions. In Drew, liability was imposed based on a failure of the municipality to properly construct or maintain a roadway. Here there is no allegation that Route 30 was not properly constructed; rather, plaintiffs maintain that the Commonwealth should have taken additional steps to guarantee safety of pedestians. Authority for this contention simply does not exist in our case law.

Further, the Drew court found that there plaintiff had been "compelled" to walk in the roadway by the failure to provide any sidewalk or berm. In this case, there is deposition testimony to the effect that plaintiff-husband was fully aware that a short distance up the highway traffic was being controlled to allow pedestrians to cross, but he decided not to walk to that point because it would not be "convenient". Deposition of Clifton T. Garing at pp. 32, 53. In light of the foregoing the court can discern no pre-existing duty owed by the Commonwealth to plaintiffs and

will grant the Commonwealth's motion for summary judgment.

Plaintiffs also contend that a material issue of fact exists regarding whether this stretch of Route 30 was the responsibility of the Commonwealth or the local municipality. In light of the language of Section 6122(a), which uses the same discretionary language in reference to both local municipalities and the Commonwealth, we disagree. That section indicates that it makes no difference which authority was actually in control of this road, since neither owed a pre-existing duty to plaintiff-husband.

## ORDER

And now, May 1, 1984, the motion for summary judgment of defendant Commonwealth of Pennsylvania is granted. The Commonwealth of Pennsylvania is dismissed from this action.