## Schweiger v. Harrington

*Roland T. Conway,* for plaintiffs.
*Lawrence F. Stengel,* for defendant Harrington.
*David Ainsman,* for defendant Rees.
*Joseph J. Bosick,* for defendant Ross Township.

FINKELHOR, *J.,* August 8, 1984—This matter is before the court, en banc, on the motion of additional defendant, Ross Township, for summary judgment. The issue is whether the township owed a duty to the motoring public to exercise reasonable care in the maintenance and supervision of state-owned roadways within its borders and, specifically, the duty to clear said highways of ice and snow or, in the alternate, to warn of such hazards.

## FACTS

This action arose out of a motor vehicle accident occurring on Reis Run Road in the Township of Ross on March 27, 1980. The original defendant Harrington joined Robert G. Rees as additional defendant and alleged that Rees's negligence was the legal cause of the collision. Rees, then, joined the Township of Ross and alleged that the accident was caused by the township's negligence in permitting a patch of ice to accumulate on the road surface and in failing to warn motorists of the dangerous condi-

tions of the roadway. It is further alleged that the ice resulted from improper drainage and was therefore within the jurisdiction of the township. It is undisputed that the Commonwealth Department of Transportation (PennDot) owns and maintains the roadway.

## DISCUSSION

Rees contends that the Motor Vehicle Code, 75 Pa.C.S. §6109(a)(7), authorizes municipalities to prohibit or restrict the use of state-owned highways whenever the "movement of vehicles would constitute a safety hazard" and that this provision places a duty on the township to warn against dangerous conditions on the roadway.

In Swank v. Bensalem Twp., 504 Pa. 291, 472 A.2d 1065 (1984), opinion filed March 15, 1984, Justice Zappala ruled that prior control over the road does not impose a duty upon the township to improve or repair the road once it has been incorporated into the state highway system and the township was divested of any authority to alter the design of the road.

The Swank court stated:

"The theory of liability propounded by the Appellee, in effect, would enable the Commonwealth to insulate itself from liability by failing to exercise its exclusive authority and jurisdiction over state highways and by failing to comply with its statutory responsibility to rebuild or reconstruct the highways. The Commonwealth could avoid liability by failing to correct a design defect after the municipal road was adopted as part of the state highway system. Conversely, a municipality would be exposed to unlimited liability for injuries sustained as the result of a design defect, without having any authority to cor-

rect or alter the design or construction of the road." Slip Opinion at p. 5.

In the instant case, a duty to alter the drainage system would be, in effect, a change in the design of the highway and within the jurisdiction of the Commonwealth. There still remains an issue as to the responsibility of the Township to warn of the hazardous condition. In Calvanese v. Leist, 70 Pa. Commw. 251, 452 A.2d 1125 (1982), the Commonwealth Court held that absent some statutorily imposed duty relegating responsibility to the township to warn of dangerous conditions on the highway, the township was not liable for failure to notify the State Department of Transportation. Under the facts of Calvanese, the road was covered with mud and debris and the signs warning of the upcoming curve were obscured by trees and bushes. See also Rinaldi v. Giblin, 70 Pa. Commw. 253, 452 A.2d 1126 (1982). A no left turn sign was not in place and the Commonweatlh Court again held no liability on the part of the township. In Janosko v. Pittsburgh National (Com. Ct. No. 52 T.D. 1983, opinion filed July 13, 1984), a similar result was reached by Barry J.

There is no dispute that, under the clear language of Swank v. Bensalem, supra, the exclusive reponsibility to repair and maintain a state road is with the Commonwealth and, to this extent, the motion for summary judgment must be granted. However, there remains the narrow issue of the duty of the local municipality to "police" state roads. 75 Pa.C.S. §6109. While the township is not required to maintain the condition of the road or even to remove a dangerous condition or so notify the Commonwealth of said condition, our appellate courts have not considered the duty to warn the traveling public. To adopt the township position

without exception would, in effect, subject the innocent driver to unknown hazards in a highway game of Russian roulette. In placing responsibility upon the state for maintenance and repair, we do not believe that it was the intent of our appelllate courts to relieve the municipality of *all* responsibility for known hazardous conditions. (See 323 of the Restatement (Second) of Torts).

Section 6109(a)(7) of the Vehicle Code states as follows:

"(a) Enumeration of police powers. — The provisions of this title shall not be deemed to prevent the department of State-designated highways and local authorities on streets or highways within their physical boundaries from the reasonable exercise of their police powers. The following are presumed to be reasonable exercise of police power:

. . . .

"(7) Prohibiting or restricting the use of highways at particular places or by particular classes of vehicles whenever the highway or portion of the highway may be seriously damaged by the use or the movement of the vehicles would constitute a safety hazard."

An examination of the "policing" provisions of §6109 indicates an intent to permit the political subdivision to regulate speed, crossing, traffic devices and hazardous conditions.

In the instant case, it was alleged that the accumulation of ice was related to the design of the roadway and falls within the Swank decision.

Therefore, it is our conclusion that the motion for summary judgment is appropriate.

Based upon the above discussion, the petition of the Township of Ross for summary judgment is granted. An appropriate order is attached hereto.

## ORDER OF COURT

And now, this August 8, 1984, on motion of the additional defendant Township of Ross for summary judgment in the above captioned matter and after consideration of the briefs and arguments of counsel, it is hereby ordered, adjudged and decreed that said motion is granted and judgment is entered in favor of the Township of Ross.