John Haas and Catherine Haas, his wife, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation and Newtown Township, Appellees.

Argued June 5, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and PALLADINO.

*Morris M. Shuster,* with him, *William D. Marvin, Shuster & Beckman,* for appellants.

*Andrew J. Forbes, Cramp, D'Iorio, McConchie & Forbes, P.C.,* for appellee, Newtown Township.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 13, 1984:

John and Catherine Haas appeal an order of the Delaware County Court of Common Pleas which entered a judgment on the pleadings in favor of Newtown Township. We affirm.

John Haas was injured when the vehicle in which he was a passenger skidded out of control on an icy overpass of a state highway in Newtown Township. Haas alleges that the Township was negligent in failing to warn motorists, failing to close the overpass and detour traffic, and failing to anticipate the Department of Transportation's inadequate response to the hazardous condition.[1] Haas argues on appeal

---

[1] Haas alleges that Township officials knew of the overpass' propensity to freeze before surrounding areas and that they had previously detoured traffic around the overpass for that same reason.

that the trial court erroneously characterized his claim as one based on a failure to maintain a state highway.

The Commonwealth has exclusive jurisdiction over the control and maintenance of state highways. In the seminal case, *Stevens v. Reading Street Railway Co.*, 384 Pa. 390, 121 A.2d 128 (1956), our Supreme Court, in interpreting various provisions of the State Highway Law,[2] wrote:

> The effect of these provisions was to place the control and responsibility for repair and maintenance of [state highways] upon the Commonwealth. Since the Commonwealth, by statute, has relieved the City of the obligation to repair the [highway], the City cannot be guilty of negligence since there must be a duty and a breach of duty to produce a right of action.

*Id.* at 402, 121 A.2d at 134.

Haas distinguishes this case and its progeny by arguing that the Township has a continuing common law duty to warn travelers of known dangers. We disagree. In *Calvanese v. Leist*, 70 Pa. Commonwealth Ct. 251, 252, 452 A.2d 1125, 1126 (1982), we stated: "Absent any statutorily-imposed duty regulating responsibility to the Township to warn of dangerous conditions, we will not impose such."[3] We hold there is no support for Haas' argument.

Affirmed.

### ORDER

The order of the Court of Common Pleas of Delaware County at No. 80-10855 entered June 24, 1983, is affirmed.

---

[2] Act of June 1, 1945, P.L. 677 *as amended*, 36 P.S. §670-521.

[3] In this case, Calvanese was injured on a debris-covered road where the signs warning of an upcoming curve were obscured by trees and bushes.