## Underkoffler v. Showers

*Robert L. Walsh*, for plaintiffs.

*Joseph V. Metz,* for defendant Commonwealth of Pennsylvania, Department of Transportation.

*Joey A. Storaska,* for additional defendant Point Township.

RANCK, *J.,* December 28, 1984—On November 22, 1983 the above-named plaintiffs filed a complaint in this action seeking damages arising from an automobile accident on October 27, 1982. The accident occurred when a tanker truck exited from a bulk plant onto Route 11 in Point Township, Northumberland County, Pa. The vehicle operated by plaintiff hit the rear of the truck, and plaintiffs allegedly suffered personal injuries and damages.

The Commonwealth of Pennsylvania (hereinafter Commonwealth) filed a complaint in joinder against the additional defendant, Point Township, on January 20, 1984. The Commonwealth asserted that the township failed to provide adequate warning signs on U.S. Route 11 regarding the bulk plant. U.S. Route 11 is within Point Township at the location of the collision. Therefore, the Commonwealth alleged that the township and not the Commonwealth was responsible to provide warnings.

Point Township filed a motion for summary judgment on October 15, 1984 seeking judgment in its favor. That motion is now before this court.

A motion for summary judgment may be granted only if the record shows there is no genuine issue as to any material fact. Pa. R.C.P. 1035(b), Woytek v. Benjamin Coal Co., 300 Pa. Super. 397, 404, 446 A.2d 914 (1982). For the reasons which follow, this court believes that additional defendant, Point Township, is entitled to judgment as a matter of law.

The Commonwealth, in response to Interrogatories of Point Township, has shown U.S. Route 11

to be a state highway in all respects. The Commonwealth performs maintenance and repairs on the highway, including the erection of signs (Answers to Point Township's Interrogatories Nos. 24-28); the design and construction of the highway was in the hands of the Commonwealth (Answers to Point Township's Interrogatories Nos. 6 and 9); and the cost was funded by monies disbursed by the Commonwealth (Answer to Point Township's Interrogatory No. 12). U.S. Route 11 is a state highway at the location of the accident.

Notwithstanding the fact that Route 11 is a state highway, the Commonwealth alleges that Point Township had the duty to install entrance and crossing signs at the bulk plant where the accident occurred.

75 Pa. C.S. §6122(a) states in part:

"(a) General rule. — The department on state-designated highways and local authorities on any highway within their boundaries may erect official traffic-control devices, which shall be installed and maintained in conformance with the manual and regulations published by the department upon all highways as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit or guide traffic.

(1) Local authorities shall obtain approval of the department prior to erecting an official traffic-control device on a state-designated highway except where department regulations provide otherwise. . ."

The regulations state:

"(b) In accordance with sections 6122 and 6124 of the Vehicle Code (75 Pa. C.S. §§6122 and 6124) (relating to authority to erect traffic control devices and erection of traffic control devices at intersections), local authorities shall obtain department ap-

proval prior to installing, revising, or removing any official traffic control device on a state designated highway or at the intersection of a local highway and a state designated highway, except as indicated in paragraphs (1) through (3) of this subsection:

(4) In addition to those signs included in paragraph (3) of this subsection, local authorities or other official agencies or organizations as indicated, shall be responsible for installing and maintaining the following types of signs on state designated highways after approval to erect the sign has been obtained from the department;

(X) Entrance and Crossing signs. . . .

67 Pennsylvania Code §211.6(b) (4)(X)."

The Commonwealth would read these sections as imposing an affirmative duty on the township to install entrance and crossing signs at the bulk plant. This court does not agree with that interpretation.

The above-cited statute and regulations require prior approval of the Department of Transportation before erecting any traffic control device on a state-designated highway. This indicates that the Commonwealth has the ultimate control over the placement of traffic-control devices on state highways. If the local authority had a duty to erect such devices, no prior approval would be necessary. The only duty which the local authority has with regard to these devices on a state highway is a discretionary one. Since it is only a discretionary duty, Point Township cannot be held liable in negligence for failing to install entrance and crossing signs.

This decision is supported by the Commonwealth Court and by other Courts of Common Pleas. In Swank v. Bensalem Township, 68 Pa. Commw. 520, 449 A.2d 837 (1982), rev'd on other grounds 472 A.2d 1065 (1984), the court was faced with a situation similar to the case at bar. In that case, the town-

ship did not erect warning lights at a dangerous curve on a state highway. The court found that erecting such devices was discretionary under 75 Pa. C.S. §6122, and, therefore, there was no duty on the part of the township from which they could be held liable. Id., at 838. This same matter was dealt with by the court in Rinaldi v. Giblin, 70 Pa. Commw. 253, 452 A.2d 1126 (1982). The court again found no liability on the part of the township.

The Honorable Judge Eckman was faced with a similar situation in Lancaster County. In Keen v. Schlegelmilch, 14 D.&C. 3d 107 (1979), the defendant sought damages from Lancaster Township for failing to provide traffic control devices at an intersection. The court held the installation of such devices to be a discretionary act on the part of the township. Id., at 109. As such, liability could not be imposed for failing to perform a discretionary act. Id., at 110.

Installing entrance signs at the bulk plant where the accident occurred in the case at bar was within the discretion of Point Township. U.S. Route 11 is a state highway and as such is under the control of the Commonwealth. Liability cannot be imposed on Point Township for failing to perform this discretionary act. We believe that the additional defendant, Point Township, is entitled to judgment in its favor as a matter of law.

We, therefore, enter the following

## ORDER

And now, December 28, 1984, after review and careful consideration, it is ordered that additional defendant's, Point Township, motion for summary judgment be granted and judgment be entered in its favor.