Michael Mindala et al. *v.* American Motors Corporation et al. West Cocalico Township, Petitioner.

Argued April 2, 1984, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR., and COLINS, sitting as a panel of three. Reargued April 10, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*J. Michael Flanagan,* with him, *Joel D. Smith, Barley, Snyder, Cooper & Barber,* for petitioner.

*Joseph A. McIntyre, Law Office of William A. Atlee, Jr.,* for appellee, Michael Mindala, Administrator of the Estate of Thomas M. Mindala, deceased.

*Thomas Hollander, Evans, Ivory & Evans, P.C.,* for appellees, Eileen S. Stiffler, etc.

OPINION BY JUDGE MACPHAIL, July 12, 1985:

West Cocalico Township (Township) appeals here from the dismissal of its motion for summary judgment by the Court of Common Pleas of Lancaster

County. The common pleas court certified that the matter is one which "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. . . ." Section 702(b) of the Judicial Code, *as amended*, 42 Pa. C. S. §702(b). This Court, accordingly, has granted the Township leave to appeal.

The issues before us are 1) whether the Township should have been granted summary judgment in its favor on the grounds that it had no duty to act and 2) whether the Township is immune from liability pursuant to the terms of the Political Subdivision Tort Claims Act (Act).[1]

The instant cause arose on November 29, 1979, when an automobile accident occurred at the intersection of Schoeneck Road and Indiantown Road located in the Township. Appellees' decedents Thomas M. and Vickie Lee Mindala were killed in the accident and Appellee Tracy Lee Osborne, their daughter, was injured. Thomas Mindala was the driver of the Mindala vehicle which was traveling west on Indiantown Road, a state highway.[2] The Mindala vehicle collided with a vehicle traveling south on Schoeneck Road, a state highway.

At the time the accident occurred the stop sign located on the northeast corner of the intersection to

[1] Act of November 26, 1978, P.L. 1399, *formerly* 53 P.S. §§5311.101-5311.803, repealed by Section 333 of the Act of October 5, 1980, P.L. 693. Similar provisions are now found in Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564. The Political Subdivision Tort Claims Act (Act) was in effect at the time this action arose.

[2] Indiantown Road becomes a Township road west of the intersection with Schoeneck Road. The collision occurred on that portion which was a state highway.

control traffic traveling west on Indiantown Road, was missing. There were no stop signs controlling traffic traveling on Schoeneck Road. Chief Fausnacht of the Township police department had been notified that the sign was missing. He had attempted to locate the sign; however, failing to do so he did not erect a temporary sign or take any steps to warn that the intersection existed. The Township had not erected the stop sign, nor had it serviced or maintained the sign prior to the accident.

The trial court dismissed the Township's motion for summary judgment on the basis that the Township had a duty to act and that the Act did not provide immunity to the Township. Because the cases in which this Court has decided the issues here presented hold to the contrary, we will reverse.

We find that *Rinaldi v. Giblin,* 70 Pa. Commonwealth Ct. 253, 452 A.2d 1126 (1982), is directly on point and dispositive of the issue of whether the Township had a legal duty to act. In *Rinaldi,* an accident occurred at an intersection on a state highway. A previously erected "No Left Turn" sign was absent, and a car executing an illegal left turn struck Rinaldi's vehicle, injuring her. We affirmed the decision of the common pleas court granting summary judgment to Falls Township, stating

> Both Rinaldi and the Commonwealth urge this Court to conclude that the Township should be held liable for failure to warn the Commonwealth of the hazardous condition on the state highway or, in the alternative, for its own failure to either re-erect the sign or warn drivers of the hazard. We disagree.

*Id.* at 254, 452 A.2d at 1126. We concluded that a Township may not be held liable for failure to warn

the Commonwealth of a missing traffic control sign on a state highway in the absence of a statute imposing such a duty. We further stated that a Township is not liable to correct a hazardous condition on a state road because the exclusive responsibility for such action lies with the Commonwealth. *Id.* at 255, 452 A.2d at 1127. *See also Powell v. Wrightstown Township,* 76 Pa. Commonwealth Ct. 521, 464 A.2d 651 (1983) (Commonwealth has exclusive responsibility for control and maintenance of state highways).

We decline to overrule *Rinaldi* and other cases in this Court to like effect.[3] We hold that the Township had no legal duty in regard to the missing stop sign in the instant case. We further hold that because the control and maintenance of the stop sign was the exclusive responsibility of the Commonwealth, the Township is not liable under the terms of the Act.[4]

Order reversed.

## ORDER

The order of the Court of Common Pleas of Lancaster County dated October 7, 1983, No. 235 November Term, 1981, is hereby reversed and the case is remanded to the Court of Common Pleas of Lancaster County for the entry of summary judgment in favor of West Cocalico Township.

---

[3] *See e.g., Haas v. Department of Transportation,* 84 Pa. Commonwealth Ct. 522, 479 A.2d 100 (1984) ; *Powell v. Wrightstown Township,* 76 Pa. Commonwealth Ct. 521, 464 A.2d 651 (1983) ; *Rinaldi v. Giblin,* 70 Pa. Commonwealth Ct. 253, 452 A.2d 1126 (1982) ; *Calvanese v. Leist,* 70 Pa. Commonwealth Ct. 251, 452 A.2d 1125 (1982).

[4] The Act provides an exception to governmental immunity where traffic control devices were under the care, custody or control of the political subdivision. Section 202(4) of the Act, 53 P.S. §5311.-202(4). Our cases make it clear that the Township did not have such care, custody or control of the stop sign.

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.

I respectfully dissent from the majority's holding that West Cocalico Township was under "no legal duty in regard to the missing stop sign" at the intersection of two state highways.

The majority is comforted by *Rinaldi v. Giblin,* 70 Pa. Commonwealth Ct. 253, 452 A.2d 1126 (1982). Although *Rinaldi* is on point and held that a municipality has no duty to re-erect a missing traffic control sign on a state road or in the alternative warn drivers of the dangerous condition thereby created, I believe we failed to recognize the distinction between two separate governmental responsibilities associated with state roads.

To support its holding, the *Rinaldi* Court cited *Calvanese v. Leist,* 70 Pa. Commonwealth Ct. 251, 452 A.2d 1125 (1982), and *Swank v. Bensalem Township,* 68 Pa. Commonwealth Ct. 520, 449 A.2d 837 (1982), *rev'd on other grounds,* 504 Pa. 291, 472 A.2d 1065 (1984). These two cases, in turn, rely upon our Supreme Court's holding in *Stevens v. Reading Street Railway Co.,* 384 Pa. 390, 121 A.2d 128 (1956). The issue in *Stevens* was whether the municipality had a duty to repair a hole in the surface of a state highway. The Court concluded that the State Highway Law[1] imposed upon the Commonwealth the exclusive responsibility for repair and maintenance of state highways,[2] and that the City of Reading was therefore under no duty to remedy the defective road surface.

However, the obligation to *repair and maintain* state highway road *surfaces* is distinct from the duty

---

[1] Act of June 1, 1945, P.L. 677, *as amended,* 36 P.S. §§670.101-.1102.

[2] *See* Section 522 of the Law, 36 P.S. §670.522.

to *control traffic* moving upon these surfaces. The latter responsibility is structured by the Vehicle Code (Code).[3] The Code's provisions evidence a legislative intent that the Commonwealth and local authorities are to have concurrent authority in this area. Section 6109(a) of the Code[4] states:

> (a) Enumeration of police powers.—The provisions of this title shall not be deemed to prevent the department [of transportation] on State-designated highways and *local authorities on streets or highways within their physical boundaries* from the reasonable exercise of their police powers. The following are presumed to be reasonable exercises of police power:
>
> . . . .
>
> (2) Regulating traffic by means of police officers or official traffic-control devices. (Emphasis added.)

This section has been construed as permitting local governments to exercise police power authority on state and interstate highways within their borders. *See Commonwealth v. Mercer,* 294 Pa. Superior Ct. 544, 440 A.2d 599 (1982). Section 6109(a) arguably imposes no affirmative duties on local governments. *See Medina v. Township of Falls,* 71 Pa. Commonwealth Ct. 295, 454 A.2d 674 (1983).[5] However, it specifically leaves local police powers, and therefore the corresponding common law duties of care, unaffected. Additionally, Section 6122 of the Code[6] grants

---

[3] 75 Pa. C. S. §§101-9909.

[4] 75 Pa. C. S. §6109(a).

[5] *Medina* is factually distinguishable from the present case because it involved potholes, with respect to which the *Commonwealth* has assumed the duty of care.

[6] 75 Pa. C. S. §6122.

the Department of Transportation and municipalities concurrent authority to erect traffic control devices on state highways. In light of these provisions, it is beyond question that the Township had the power to act in response to the missing stop sign.

*Rinaldi* should be overruled. It relied upon cases involving the duty to repair and maintain state highway road surfaces; however, the complaint in *Rinaldi* alleged negligent control of traffic on a state highway. I would hold that a municipality's power to control traffic imposes a concomitant common law duty of care. When a municipality learns of an emergent condition upon a state road within its boundaries, and the condition is (1) unlikely to be observed by a motorist and (2) holds a foreseeable risk of serious injury, it must take reasonable steps to control traffic so that persons will be protected from the hazard. *See Bergen v. Koppenal,* 52 N.J. 478, 246 A.2d 442 (1968).

Having recognized the Township's duty of care in this situation, I would further hold that the Township falls within the exception to governmental immunity set forth in former Section 202(4) of the Political Subdivision Tort Claims Act,[7] which permits the imposition of liability for "[a] dangerous condition of ... traffic ... under the care, custody or control of the [political subdivision]."

Accordingly, I would affirm the common pleas court's order and remand the case for further proceedings.

---

[7] Act of November 26, 1978, P.L. 1399, *formerly* 53 P.S. §5311. 202(4), repealed by Section 333 of the Act of October 5, 1980, P.L. 693. Similar provisions are now found in Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564. The Political Subdivision Tort Claims Act governs this case because it was in effect when the accident occurred.