## Vogler v. First National Bank of Palmerton

*Martin N. Ghen,* for plaintiffs.
*Robert M. Maskrey, Jr.,* for defendant township.
*Daniel M. Corveyleyn,* for additional defendant county.

O'BRIEN, *J.,* February 9, 1987—On June 18, 1983, plaintiffs husband and wife were passengers in a vehicle operated by additional defendant Raymond J. Lamparski when it collided with a vehicle operated by additional defendant Donald Ray Gilliam at the intersection of two state highways in Chestnuthill Township, Monroe County, Pa. Plaintiffs took the novel approach of filing suit for personal injuries and loss of consortium resulting from the accident against a bank which owned property at the intersection where the accident occurred, and

against three governmental bodies. Plaintiffs did not name the two drivers involved in the collision as defendants but they were later joined as additional defendants in this action. Defendant Monroe County has filed preliminary objections in the nature of a demurrer and defendant Chestnuthill Township has filed a motion seeking summary judgment on similar grounds. Following argument, the preliminary objections in the nature of a demurrer and the motion for summary judgment are now before the court for disposition.

Plaintiffs' complaint alleges, inter alia, that the automobile accident causing plaintiffs' damages occurred at the intersection of "U.S. Route 209 approaching the intersection of Legislative Route 45003". The complaint further alleges that defendants Monroe County and Chestnuthill Township were negligent in that they failed to perform certain duties with respect to the aforesaid roadways. In its preliminary objections in the nature of a demurrer defendant Monroe County denies the presence of any duty with respect to said roadways. Similarly in its motion for summary judgment, defendant Chestnuthill Township denies any duty with respect to said roadways. While counsel for plaintiffs may be commended for his resourceful approach seeking damages for his clients, he has failed to present any authority to this court showing the presence of any duty on the part of either a county or a township with respect to two roads which his complaint clearly delineates as state highways.

In evaluating the preliminary objections of Monroe County in the nature of a demurrer, the court must accept as true the factual allegations set forth in the complaint. *Bogash v. Elkins,* 405 Pa. 437, 176 A.2d 677 (1962). A preliminary objection in the nature of a demurrer is not to be sustained and a com-

plaint dismissed unless it is clear that no recovery is possible. *Ammlung v. Platt,* 224 Pa. Super. 47, 302 A.2d 491 (1973). Since there is no authority whatsoever imposing a duty on a county government with respect to state highways, the demurrer of the County of Monroe must be sustained. Further, since no amendment creating liability on the part of the county is permissible under the present state of the law, the county should be dismissed as a defendant.

Rule 1035 of the Pennsylvania Rules of Civil Procedure provides in pertinent part as follows:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Supreme Court has held that summary judgment should be granted only in the clearest of cases where the right is clear and free from doubt. *Kotwasinski v. Rasner,* 436 Pa. 32, 258 A.2d 865 (1969). The thrust of plaintiffs' complaint in this proceeding is that a sign maintained by defendant bank, at the intersection in question, was the cause of the vehicle collision. Plaintiffs argue that the township had a duty to prohibit the existence of such sign, or regulate the location thereof, and further that the township had a duty with respect to the traffic controls at the intersection of the two state highways. Counsel for plaintiffs has presented no authority in support of these propositions and in fact our appellate courts have ruled to the contrary.

In *Janosko v. Pittsburgh National Corporation,* 83 Pa. Commw. 636, 478 A.2d 160 (1984), the Commonwealth Court held that since a municipality has no duty to repair or maintain a state high-

way, it cannot be held liable for an injury allegedly caused by a nuisance on private property within the municipality which allegedly rendered a state highway dangerous. Further in *Mindala v. American Motors Corporation,* 90 Pa. Commw. 366, 495 A.2d 644 1985), the Commonwealth Court held that a township could not be held liable for the absence of traffic controls resulting in an automobile accident at an intersection of two state highways. The court noted that control and maintenance of traffic controls on state highways was the exclusive responsibility of the commonwealth. Clearly therefore, plaintiffs have failed to make out any basis upon which Chestnuthill Township could be held liable as a defendant in this action.

## ORDER

And now, this February 9, 1987, it is ordered as follows:

(1) The preliminary objections in the nature of a demurrer of defendant Monroe County are sustained and Monroe County is dismissed as a defendant in this action;

(2) The motion for summary judgment of defendant Chestnuthill Township is granted and judgment is entered in favor of defendant Chestnuthill Township and against plaintiffs Peggy Vogler and Joseph Vogler.