## DeAugustine v. PennDOT

*Avram G. Adler,* for plaintiff.
*Hugh M. Emory,* for defendant Thornbury Township.

JEROME, *J.*, March 25, 1987 — This wrongful death action arises from an automobile accident which occurred on November 6, 1984, at the intersection of two state highways in Thornbury Township, Delaware County, Pennsylvania. At the time of

the accident, a stop sign at the intersection was in an angular position (not upright), thus allegedly leading to the collision of two automobiles and resulting in the death of plaintiff's decedents. Plaintiff admits that the township owed no duty to repair the downed stop sign since the highways were under the control of the Commonwealth of Pennsylvania, but contends that the township policed or had the duty to police the intersection and warn either the commonwealth or motorists of the missing sign. Summary judgment was granted in favor of the defendant township on February 12, 1987.

We are troubled by the appeal* by plaintiff in this case where summary judgment affects only one of several defendants, thus delaying plaintiff's imminent "day in court." We cannot help but note that the appeal was taken almost on the "eve" of the scheduled jury trial in this case. The jury trial was scheduled on December 18, 1986, for March 17, 1987.

The law in this commonwealth is quite clear that a township may not be held liable for failure to warn the commonwealth of a missing traffic control sign on a state highway, be it a stop sign, *Mindala v. American Motors*, 90 Pa. Commw. 366, 495 A.2d 644 (1985), petition for allowance of appeal granted, 510 Pa. 158, 507 A.2d 322 (1986), a "no left turn" sign, *Rinaldi v. Giblin*, 70 Pa. Commw. 253, 452 A.2d 1126 (1982), or otherwise, See also, *Calvanese v. Lesit*, 70 Pa. Commw. 251, 452 A.2d 1125 (1982) (failure to warn commonwealth that roadway was covered with mud and debris and that sign warning of upcoming curve was obscured by trees); *Swank*

---

* Although this case involves a municipality, an appeal has been taken to the Superior Court rather than to the Commonwealth Court.

*v. Bensalem Township*, 68 Pa. Commw. 520, 449 A.2d 837 (1982) (township's mere application for permit to erect flashing warning lights at approach to curve created no duty on township to erect those lights), petition for allowance of appeal on issue of warning lights denied, 504 Pa. 291, 472 A.2d 1065 (1984). Likewise, a township has no legal responsibility to motorists to either re-erect the sign or warn of the hazard since control and maintenance of state highways is the exclusive responsibility of the commonwealth. *Mindala, supra; Rinaldi, supra.*

Plaintiff's contention that this court should have deferred action on the township's motion until such time as counsel for additional defendant DeAugustine has entered an appearance and has also had the opportunity to oppose the township's motion, is without merit. The defendant township clearly has no liability in this action. The most creative arguments that counsel for additional defendant may make are not going to change this.

Plaintiff's further contention that this court should have specified in its order that additional defendant remains on the record as a party to this action, "notwithstanding the summary judgment in favor of the party bringing Dr. DeAugustine into the record," is also without merit. Firstly, the defendant Commonwealth of Pennsylvania has also filed a new matter cross-claim pursuant to Pa.R.C.P. 2252(d) joining said plaintiff as an additional defendant. Secondly, both the township and the commonwealth joined additional defendant within two years from the date of the accident, within the statute of limitations applicable to plaintiff's cause of action. Because both defendants' allegations against additional defendant include sole liability to the plaintiff, the estate of Carlo Francis DeAugustine,

additional defendant remains a party to this action regardless of what happens to either defendant.