## Taus v. Pezzano

*John R. Warner,* for plaintiff.

*Brian P. Sullivan,* for defendants Pezzano.

*William D. Murphy,* for defendants Sylvester and Taus.

*James W. Hennessey,* for defendant East Norriton.

*Harold L. Frank,* for defendant PennDOT.

YOHN, *J.,* October 5, 1987—East Norriton Township filed a petition for counsel fees against Donna Pezzano for failure of Pezzano to dismiss township from the case after it became abundantly clear that there was no basis of liability against township. We granted the petition and awarded counsel fees in the amount of $250. Pezzano appeals.

## PROCEDURAL HISTORY

Plaintiff, Elizabeth Taus, sued the original defendant, Pezzano, as a result of an automobile accident on December 27, 1983. She alleged that Pezzano was negligent in her operation of the automobile by failing to make a complete stop at a stop sign on Old Arch Road in East Norriton Township, Montgomery County. Pezzano then joined township as an additional defendant for failing to maintain the stop sign properly as it had allegedly been knocked to the ground and out of sight at the time of the collison. Pezzano contended that township had a duty to maintain township roads and was negli-

gent in failing to do so. Township then filed a third-party complaint against additional defendant Department of Transportation of the Commonwealth of Pennsylvania. Township alleged that all traffic controls on the road where the accident occurred were under the exclusive control of PennDOT and that any damages resulting from improper maintenance of the signs were the responsiblity of PennDOT.

On January 22, 1986 the depositions of PennDOT employees, Robert Copp and Jack Hartman were taken. They both testified that the maintenance of the stop sign in question was the responsibility of PennDOT.

Copp is a PennDOT employee who is the local traffic technician who issues sign orders in Montgomery County. Hartman is a PennDOT employee who is the county maintenance manager for Montgomery County, PennDOT.

On September 26, 1985, township forwarded a series of requests for admission to PennDOT which were timely answered. Among the responses filed October 1, 1985, PennDOT admitted that the road in question is a state-designated highway.

On May 2, 1986, township moved for summary judgment based upon the responses to requests for admissions and deposition testimony.

The motion for summary judgment by township was unopposed. Pezzano did not file an answer to the motion, did not advise township that the motion was unopposed, did not appear at oral argument scheduled on the same at which township had to appear and did not submit a brief in opposition to the motion for summary judgment.

On November 26, 1986 the Honorable Lawrence A. Brown entered an order granting the motion for

summary judgment and dismissing the case as to township.

As a result of the admissions by PennDOT and the depositions of PennDOT employees Copp and Hartman, it was clear that township had no responsibility for maintaining the stop sign on Old Arch Road. However, Pezzano did not agree to dismiss township from the case. After the granting of the motion for summary judgment, township filed a petition for counsel fees, alleging arbitrary and vexatious conduct.

At oral argument, counsel for township stated that he requested Pezzano to dismiss his client as a defendant at the conclusion of the depositions of the PennDOT employees and again at an intervening settlement conference held March 19, 1986 before Judge Brown. Counsel for Pezzano stated that he would review the matter but never directly replied to the two requests. His defense seems to be that township's counsel should have circulated a stipulation dismissing township from the case. However, without the consent of Pezzano's counsel, which had been requested on two occasions, this would have been a pointless act.

We granted the petition for counsel fees in the amount of $250. From this order, Pezzano appeals.

## DISCUSSION

Pennsylvania law provides a method by which a party to an action may recover counsel fees. The statute states as follows:

"The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter . . . .

"(9) Any participant who is awarded counsel fees because the conduct of another party in commenc-

ing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S. §2503(9).

Vexatious has been defined to mean "instituted without sufficient grounds and seeming only to cause annoyance." *In re estate of Roos* 305 Pa.Super. 86, 94, 451 A.2d 255, 259 (1982), quoted from *Santoro v. City of Philadelphia,* 59 Pa. Commw. 114, 122, 429 A.2d 113, 117 (1981).

Arbitrary has been defined as "without adequate determining principles; . . . without fair, solid and substantial cause; that is, without cause based upon the law." Black's Law Dictionary, 96 (rev. 5th ed. 1979).

Arbitrary has also been defined as "based on random or convenient selection or choice rather than on reason or on nature." Webster's Third New International Dictionary, 110 (1966). *Carroll Township Authority v. Municipal Authority of Monongahela,* 102 Pa.Commw. 363, 518 A.2d 337 (1986).

The facts of this case bring Pezzano into the realm of vexatious and arbitrary action. The course that the case took following the deposition of PennDOT traffic technician Copp and county maintenance manager Hartman, and the admissions of PennDOT, was inappropriate. The deposition testimony made clear precisely who had the responsibility of repairing the stop sign.

"Q: But there's no question in your mind that at the time of the accident and thereafter if repairs would be made to that stop sign they would be made by PennDOT?

"A: They would be made by PennDOT, yes." (Deposition of Jack Hartman, January 22, 1986).

"Q: Do you agree with Mr. Hartman that it is the responsibility of the Pennsylvania Department of Transportation to maintain the signs including the

stop sign and any other signs that PennDOT puts up on Old Arch Road?

"A: Yes, I agreee with that."

(Deposition of Robert Copp, January 22, 1986).

The accident occurred on Old Arch Road which was a state highway, and not a township road. This was established by a deposition testimony of the PennDOT employees and the admission by PennDOT. No contrary evidence was ever suggested, let alone made part of the record.

The significance of such a finding was critically important to township because Pennsylvania state law substantiates that absent a statutorily imposed duty, a township has no responsibility to maintain a state highway. *Mindala v. American Motors Corp.*, 90 Pa.Commw. 366, 495 A.2d 644 (1985); *Rinaldi v. Giblin,* 70 Pa.Commw. 253, 452 A.2d 1126 (1982); *Calvanese v. Leist,* 70 Pa.Commw. 251, 452 A.2d 1125 (1982). The law regarding responsibility for maintenance of Old Arch Road was bolstered by the *Mindala* decision in 1985. *Mindala* also involved an automobile accident on a state highway. The court decided that the township in which the accident was located was not liable for any injuries resulting from improper care and maintenance of signs along the highway. Rather, the highway and its requisite signs were the exclusive responsibility of the commonwealth.

Before Mindala was decided, however, there was case law that stood for the same principles. For example, the court in *Rinaldi* stated that it "refused to impose liability on a township for failure to correct a hazardous condition of a state road, the exclusive responsibility for such maintenance and repair resting with the commonwealth." *Id.* at 255, 452 A.2d at 1127.

The case law supports that township was not liable for the automobile accident, and the fact that the responsibility rested with the state was clearly evident. However, Pezzano did not dismiss township after the vital road information was revealed. Instead, township had to file a motion for summary judgment to remove itself from the case. Interestingly, Pezzano did not respond to the motion for summary judgment. In addition, township had to prepare a brief in support of its motion for summary judgment and attend oral argument in support of its motion for summary judgment. Pezzano did neither. The case law, coupled with the depositions of Copp and Hartman and the admissions by PennDOT, provide a clear and simple resolution to the question of liability. Because she prolonged the life of the case by not dismissing township, Pezzano caused township to unnecessarily expend money for its motion for summary judgment, brief and oral argument.

*Brenckle v. Arblaster,* 320 Pa. Super. 87, 466 A.2d 1075 (1983) involved an estate dispute in which decedent's three daughters prolonged the course of the case. The court found that where one party's conduct was dilatory, obdurate or vexatious, "the court may require a party to pay another participant's counsel fees." *Id.* at 94, 466 A.2d at 1078. Additionally, in the case *In re Estate of Roos, supra,* plaintiff sued the scrivener of her mother's will alleging undue influence and fraud. Defendant scrivener filed preliminary objections and was deposed by plaintiff, after which plaintiff amended her complaint so as not to include defendant as a party. Defendant filed a petition for attorney's fees on the basis that plaintiff displayed vexatious conduct in bringing action against defendant when defendant

scrivener had no interest in the contested will. The *Roos* court found that because there was no factual basis on which to find against defendant, 42 Pa.C.S. §2503(9) applied, and the court awarded defendant $900.'

Furthermore, in the case of *P. Liedtka Trucking v. James H. Hartman and Son Inc.,* 537 F.Supp 381 (E.D. Pa. 1982) the third party plaintiff was found to have acted in bad faith, the court applying 42 Pa.C.S. §2503(9). The third party defendant continued its action even though it had a report of experts and a deposition showing no legal basis for continuing the action.

This court awarded township $250 to cover attorney's fees for the period after which defendant Pezzano should have dismissed township from the case. "The reasonableness of an award of attorney's fees, of course, is a matter which rests within the sound discretion of the trial judge and will be altered by an appelate court only when there is a clear abuse of discretion." *Shearer v. Moore,* 277 Pa.Super. 70, 78, 419 A.2d 665, 669 (1980). $250 is clearly a minimal amount for the filing of a motion for summary judgment, preparing a brief and attending oral argument, all of which should not have been necessary.

With regard to Pezzano's counter-petition for attorney's fees, the foregoing discussion in support of township's petition for attorney's fees obviously justifies the denial of Pezzano's petition.

In view of the law and its relation to the facts of this case, our award of counsel fees to additional defendant East Norriton Township in the amount of $250, and our denial of defendant Pezzano's petition for counsel fees, should be affirmed.