## Holmes v. Becker

*Gerald Dugan,* for plaintiffs.

*William H. Kinkead III,* for defendant Andrew Becker.

*James F. Chelius Jr.,* for defendant William Kauffman.

*Harry Mahoney,* for defendant Montgomery Township.

*Theodore Chylack,* for defendant PennDOT.

CORSO, *J.,* September 15, 1989 — Defendant, Montgomery Township, filed a motion for summary judgment pursuant to Pa.R.C.P. 1035. Plaintiffs instituted this action against multiple defendants including the township for alleged wrongful conduct and negligence in the maintenance and control of state highway Route 202. More specifically, plaintiffs assert that Montgomery Township should have corrected a dangerous condition created by a sight clearance problem in the vicinity of the intersection of Gray's Lane and Route 202.

The premise of the township's motion is that the accident occurred on state highway Route 202,

which has never been owned, possessed, maintained and/or controlled by the township. Since the township has no duty to control or maintain this state highway, the township is not liable.

Montgomery Township is a "local agency" as defined in 42 Pa.C.S. §8501 and therefore the township is immune from liability unless the alleged act falls within the exceptions set forth in section 8542(b). Considering the possibly applicable subsections, the township does not own state highway Route 202 therefore section 8542(b)(6)(i) is not applicable. Section 8542(b)(6)(ii) is only applicable if the township, as a local agency, had contracted with the commonwealth to maintain or repair Route 202. Defendant commonwealth admits that no such contract exists between the township and the commonwealth. Since the prerequisites to establish an exception to the township's immunity are not met, Montgomery Township is immune from liability in this case.

In opposition to the township's motion for summary judgment, defendant, the commonwealth, has asserted that the township has a statutorily imposed duty pursuant to the following: Second Class Township Code at 53 P.S. §66125, "Acquisition of views"; State Highway Laws, 36 P.S. §2662, "Shrubs or trees on highways on improved land"; and under the Motor Vehicle Code, 75 Pa.C.S. §6109 "Specific powers of department and local authorities." The statutes on which the commonwealth relies do not state affirmative duties, but represent grants of discretionary authority and powers. The courts have refused to impose liability on a township for failure to correct a hazardous condition of a state road where the exclusive responsibility for such maintenance and repair rests with the commonwealth. *Calvanese v. Leist,* 70 Pa. Commw. 225, 452 A.2d

1127 (1982). Additionally, even if a township attempts to use its discretionary authority to correct a dangerous situation on a state road, such does not create a duty. *Swank v. Bensalem Township,* 68 Pa. Commw. 520, 449 A.2d 837 (1982). (Township applied for permit to erect flashing light. Plaintiff claimed that township failed to erect lights within a reasonable time period.)

The commonwealth maintains that the Supreme Court's decision in *Mindala v. American Motors Corp.,* 518 Pa. 350, 543 A.2d 520 (1988) establishes a duty on the township under section 6109 of the Motor Vehicle Code. In that case the court found that section 6019 did not necessarily create a duty to act but that the particular facts did. Duty is a question of law, and the court applied the following criteria to determine the existence of a duty: a special relationship between police and plaintiff, notice, ability to correct the danger and the availability of resources to do so. The court held that the failure of the police chief to replace a missing stop sign at a dangerous intersection with the township's available portable sign was negligent. The urgency and ability to correct the hazardous condition in *Mindala,* and the ability of the township to correct the condition in this case are quite different and clearly distinguishable. The corrective actions needed to alleviate the "dangerous condition" on the state highway in this case were not readily available, and would have severely drained police manpower and township resources. As such, it is the opinion of this court that the township had no duty to correct the condition on the state highway.

Since the township is immune from liability, and no duty to correct existed, summary judgment was properly entered in favor of the township and should be affirmed on appeal.