472 A.2d 1065

Thomas SWANK, Appellee,

v.

BENSALEM TOWNSHIP, Appellant,

and

Pennsylvania Department of Transportation.

Supreme Court of Pennsylvania.

Argued Jan. 27, 1984.

Decided March 15, 1984.

James M. Marsh, Philadelphia, for appellant.

Barton A. Haines, Philadelphia, for Thomas Swank.

Gary Gilman, Philadelphia, for Pa. Dept. of Transp.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA and PAPADAKOS, JJ.

OPINION

ZAPPALA, Justice.

Appellee Thomas Swank instituted a trespass action against Bensalem Township, the Appellant herein, and the Pennsylvania Department of Transportation (PennDOT) for injuries sustained as the result of a single vehicle accident which had occurred in Bensalem Township on November 11, 1978. The accident occurred while the Appellee was traveling on State Road. State Road, Legislative Route 09001, was adopted as a state highway by the Act of June 22, 1931, P.L. 594, 36 P.S. § 1738-1. Appellee's complaint asserted that his injuries were caused by the negligent design, construction and maintenance of State Road by the Appellant and/or PennDOT.

The Appellee's complaint against the Appellant was dismissed after the Appellant's motion for summary judgment was granted by the Bucks County Common Pleas Court. The Commonwealth Court affirmed the lower court on the issue of the alleged negligence of the township in delaying to erect warning lights at the site of the accident, but reversed on the issue of the alleged faulty design of the road.[1] 449 A.2d 837. The Commonwealth Court concluded the lower court should not have granted the summary judgment motion on that issue because it was not clear who was responsible for the highway's design and construction.

We granted the township's petition for allowance of appeal from the Commonwealth Court's reversal on the issue

---

1. The petition for allowance of appeal from the Commonwealth Court's affirmance on the issue of warning lights filed by Swank was denied.

of negligent design, and we now reverse. The issue presented by this appeal, which has not been addressed heretofore by this Court, is whether a township may be held liable for damages resulting from the negligent design or construction of a highway which has been adopted as a state highway.[2]

The exclusive authority and jurisdiction over all state designated highways rests with the Department of Transportation. 71 P.S. § 512(10).

When a township road has been adopted as a state highway, it is the duty of the Commonwealth, through its Department of Transportation, to rebuild and improve a highway, if necessary.

Section 502 of the State Highway Law, Act of June 1, 1945, P.L. 1242, 36 P.S. 670–502 provides, in relevant part,[3]:

After the highways on the rural State highway system shall have been taken over by the Commonwealth, they shall be built, rebuilt, constructed, reconstructed, repaired and maintained by the department, at the expense of the Commonwealth, but it shall, nevertheless, be lawful for the department to enter into agreements, in the discretion of the secretary, with counties or townships or with persons, associations of corporations for sharing with the Commonwealth the cost of construction, reconstruction and maintenance of such highways, or parts thereof.[4]

Prior control over the road does not impose a duty upon the township to improve or reconstruct the road; nor does a township retain the authority to improve or reconstruct a

2. In footnote (1) of its brief, Appellant addresses the applicability of the twelve-year statute of limitations for alleged deficiencies in the design, planning or supervision of construction of improvements to real property. 42 Pa.C.S. § 5536. Because the issue was not raised in the lower court, it has not been preserved for appeal.

3. Section 502 is in substance a re-enactment of the Act of June 22, 1931, P.L. 594, § 71, 36 P.S. 1738–71 which was in effect at the time the township road was adopted as part of the state highway system.

4. We note that the Appellee has not asserted the existence of an agreement between the Appellant and PennDOT for sharing the costs of construction, reconstruction, or maintenance of State Road.

road located within the township once the road is incorporated into the state highway system. It is apparent that the Appellant was divested of any authority to alter the design of the road after it was adopted as part of the state highway system in 1931.

Although no authority rested with the Appellant to alter the design or to reconstruct the road after 1931, the question remains whether liability may be imposed upon the township for any alleged negligence in designing or constructing the road in its inception.

The Appellee relies upon *McCracken v. Curwensville Borough*, 309 Pa. 98, 163 A. 217 (1932), to support his argument that a township is not relieved of liability. In *McCracken*, the issue presented was whether a borough may be held liable for an automobile accident which was caused by an accumulation of ice on a highway which had been taken over by the Commonwealth's Department of Highways. We held that the assumption by state officials of the duty to improve or reconstruct the highway did not relieve the borough of its duty to keep the highway free from obstructions. This holding was based, however, upon this Court's interpretation of the Sproul Act of 1911 and is not applicable in this action. As we stated in *Stevens v. Reading St. Railway Co.*, 384 Pa. 390, 403, 121 A.2d 128 (1956) (Emphasis supplied):

> The case of *McCracken v. Curwensville Borough*, 309 Pa. 98, 163 A. 217, relied on by the appellants, is not in point since there the Commonwealth assumed only the right to *improve or reconstruct* the highway at the expense of the Commonwealth. We held in the *McCracken* case that Section 20 of the then applicable Sproul Act of 1911, providing that the Commonwealth shall keep the State highways free from ruts, holes, sticks, loose stones and the like, when considered with Section 10 thereof, applied only to State highways *outside* of the cities, boroughs and incorporated towns. Section 407 of the

State Highway Law of 1945 and its related sections contain no such limitation.

The theory of liability propounded by the Appellee, in effect, would enable the Commonwealth to insulate itself from liability by failing to exercise its exclusive authority and jurisdiction over state highways and by failing to comply with its statutory responsibility to rebuild or reconstruct the highways. The Commonwealth could avoid liability by failing to correct a design defect after the municipal road was adopted as part of the state highway system. Conversely, a municipality would be exposed to unlimited liability for injuries sustained as the result of a design defect, without having any authority to correct or alter the design or construction of the road.

The pervasive legislative scheme, detailing the duties imposed upon and the exclusive authority vested in the Commonwealth, indicates that the legislature did not intend such an unreasonable result.

Having determined, as a matter of law, that the township may not be held liable for a negligent design once the road has been adopted by the state highway system, we find that summary judgment is appropriate.[5] The factual dispute related to whether or not the township was responsible for the initial design of the highway is not a material issue which would preclude the grant of the summary judgment motion.

Insofar as it reversed the trial court's grant of summary judgment, the Commonwealth Court's order is reversed.

McDERMOTT and HUTCHINSON, JJ., did not participate in the consideration or decision of this case.

LARSEN, J., filed a dissenting opinion.

5. Our disposition of the issue of the township's liability should not be construed as a determination that the Commonwealth may be held liable.

296

LARSEN, Justice, dissenting.

I dissent. In *Drew v. Laber*, 477 Pa. 297, 383 A.2d 941 (1978) this Court expressly recognized that Pennsylvania law requires that a municipality construct and maintain its highways in such a manner as to protect travelers from dangers by which the exercise of normal foresight, careful construction and reasonable inspection can be anticipated and avoided.

Appellant Bensalem Township had a clear duty to carefully and safely design and construct its roads. I disagree with the majority's conclusion that the township was excused from its negligence in designing a road merely because that road was adopted into the state highway system at some later point in time. Appellant is no less negligent in designing its roads because the road was fortuitously adopted as a state highway; therefore, the township should remain liable for damages resulting from the negligent design of its roads.

Further, § 502 of the State Highway Law, Act of June 1, 1945, P.L. 1242, 36 P.S. 670–502 does not require that a township be excused from liability for negligent design once a township road has been adopted into the state highway system. The imposition of liability on the township for negligence in designing its roads is not unduly burdensome. The township is the party with the ability to prevent negligence in the design and construction of its roads, and the imposition of liability for such negligence would encourage the township to promote safe road design.

Accordingly, I would hold that the appellee may maintain suit against appellant Bensalem Township on the issue of alleged faulty design of the road.