546 A.2d 1320

Mark K. Snyder, Appellant *v.* Bristol Township et al., Appellees

Argued February 23, 1988, before Judges MACPHAIL, MCGINLEY and SMITH, sitting as a panel of three.

*Sally J. Caldwell,* with her, *Roger J. Harrington,* for appellant.

*Alan Dion, Dion* & *Rosenau,* for appellees.

OPINION BY JUDGE MCGINLEY, August 31, 1988:

This is an appeal from a final order of the Bucks County Court of Common Pleas granting Bristol Township's (Bristol) Motion for Summary Judgment and dismissing Mark K. Snyder's (Snyder) complaint as to Bristol. We reverse and remand.

A motor vehicle accident occurred on or about April 15, 1984, wherein Snyder was injured. At the time of the accident Snyder was traveling in a westerly direction on New Falls Road, formerly known as Newportville Road. The two westbound lanes are in Middletown Township (Middletown); the two eastbound lanes are in Bristol. Snyder alleges his vehicle was traveling in the westbound lanes when it made contact with water buildup, hydroplaned, jumped the curb and struck a tree. It was or had been raining heavily.

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions together with affidavits show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Pa. R.C.P. 1035(b). It is to be entered, however, only in the clearest of cases when no doubt exists as to the absence of a triable issue of fact. *Williams v. Pilgrim Life Insurance Co.*, 306 Pa. Superior Ct. 170, 452 A.2d 269 (1982). Further, on review we must examine the record in a light most favorable to the non-moving party, giving such party the benefit of all reasonable inferences, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, herein Bristol.

In response to Bristol's Request for Admissions, the Commonwealth of Pennsylvania, Department of Transportation (Commonwealth), a co-defendant, stated that "[a]fter reasonable inquiry, the information readily obtainable is insufficient to enable the Commonwealth to admit or deny that it owned New Falls Road." (Official

Record, Part I, Commonwealth of Pennsylvania, Department of Transportation's Response to Request for Admissions of Bristol Township, at 1.) However, the Commonwealth admitted that New Falls Road is a State highway. (*Id.* at 2.)

The trial court, relying upon our decision in *Swank v. Bensalem Township*, 504 Pa. 291, 472 A.2d 1065 (1984), held that Bristol cannot be liable once a road has been adopted into the state highway system for negligence in its initial design or construction, or its subsequent maintenance or repair.

However, Snyder alleges:

> At all relevant times hereto, Defendants Bristol Township, Middletown Township and/or Penndot assumed or assigned to each other the duty to properly, safely and adequately plan, design, engineer, construct, repair, inspect and/or maintain the aforesaid section of New Falls Road including its berms, shoulders, rights-of-way, traffic controls, drainage systems, pavement and land adjacent to the road; and to properly perform and/or supervise the completion of said duties so as to prevent dangerous conditions [sic] lawfully using New Falls Road.[1]

Snyder argues that pursuant to 42 Pa. C. S. §8542 and the exceptions therein to governmental immunity Bristol may be liable for damages. The Act provides that a local agency may be liable for:

> (ii) A dangerous condition of streets owned or under the jurisdiction of Commonwealth agencies, if all of the following conditions are met:
>
> (A) The local agency has entered into a written contract with a Commonwealth agency for the maintenance and repair by the local agency of such streets and the contract either:

---

[1] R., Part I, Complaint, paragraph 6.

(i) had not expired or been otherwise terminated prior to the occurrence of the injury; or

(ii) if expired, contained a provision that expressly established local agency responsibility beyond the term of the contract for injuries arising out of the local agency's work.

(B) The injury and dangerous condition were directly caused by the negligent performance of its duties under such contract.

(C) The claimant must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

Although the application of the cited exception in the Act requires a written contract Bristol did not preliminarily object to Snyder's failure to attach a writing to the Complaint. Also, the trial court did not rely on any failure of Snyder to explain the absence of a writing in the grant of Summary Judgment. If there was a written contract between Bristol and the Commonwealth for maintenance and repair, Bristol may be liable, provided of course that Snyder meets the additional requirements specified in the Act.

Based upon the law and the pleadings material issues of fact exist and the order of the trial court is reversed.

## ORDER

AND NOW, August 31, 1988, it appearing that material issues of fact appear of record the order of the trial court is hereby reversed and the case remanded. Jurisdiction relinquished.

Judge SMITH concurs in the result only.