566 A.2d 638

George W. JACKSON, Jr. and Elva Jackson, Appellants,

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Karl A. Beck, Jr., City of Philadelphia, Department of Transportation of the Commonwealth of Pennsylvania, and Commonwealth of Pennsylvania, Appellees.

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Nov. 20, 1989.

---

598

Robert F. Fortin, Allentown, for appellants.

Barbara A. Axelrod, Seymour Kurland, City Sol., Norma A. Weaver, Chief Deputy City Sol., Miriam B. Brenaman, and Alan Ostrow, Asst. City Solicitors, Philadelphia, for appellee, City of Philadelphia.

Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

George W. Jackson, Jr. (Husband) and Elva S. Jackson (Wife), (together, Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) dated November 21, 1988, granting the City of Philadelphia's (City) preliminary objections and dismissing the City as a party in an action by Appellants to recover for bodily injuries and other losses sustained by Appellants after

Husband was struck by a Southeastern Pennsylvania Transportation Authority (SEPTA), trolley car while crossing Island Avenue on May 5, 1986. We affirm.

The City sought dismissal from the action filed against SEPTA, Karl A. Beck (Beck), the driver of the trolley car, the City, the Department of Transportation (PennDOT), and the Commonwealth of Pennsylvania (Commonwealth), averring lack of ownership or control of the state-owned highway, and that SEPTA owned and controlled the trolley tracks and trolley and was liable for the negligence of its employee, Beck. The City filed preliminary objections seeking dismissal. Appellants responded with preliminary objections of their own, requesting that the City's preliminary objections be stricken on the basis that the City's objections inaccurately depicted Appellants' Complaint and that immunity may only be asserted via New Matter. Appellants also alleged the City's preliminary objections incorporated facts not of record.

The trial court denied and dismissed the City's preliminary objections on October 28, 1988, concluding that the record was unclear as to whether the City or the Commonwealth designed the street in a negligent manner. Subsequently, citing *Swank v. Bensalem Township*, 504 Pa. 291, 472 A.2d 1065 (1984) wherein our State Supreme Court held that a township may not be held liable for a negligent design once the road has been adopted by the state highway system, the City requested reconsideration. In *Swank*, the Court held that summary judgment in favor of the township was proper where "negligent design" of a highway was at issue. On November 21, 1988, the trial court vacated the October 28, 1988, order, granted the City's preliminary objections and dismissed the City as a party to the action. Appellants filed a timely appeal.

■ When examining a decision of a trial court, our scope of review is limited to a determination of whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of law. *Jen-*

*kins v. McDonald*, 92 Pa. Commonwealth Ct. 140, 498 A.2d 487 (1985).

Appellants argue that the City's preliminary objections in the nature of a demurrer should have been stricken under Pa.R.C.P. No. 1017(b)(2) because the City should have asserted its affirmative defense in New Matter; [1] that the City through its preliminary objections improperly supplied facts not contained in Appellants' Complaint; and that the allegations in their Complaint establish questions of fact which preclude a demurrer.

The City argues that the trial court's decision should be affirmed because its preliminary objections did not raise an immunity defense but informed the trial court of the applicable case law and statutes which indisputably disposed of Appellants' arguments; that Appellants' conclusory allegation of agency was not well-pleaded; and that, as a matter of law, the City had no duty to erect safety devices for pedestrians.

In *McCreary v. City of Philadelphia*, 95 Pa. Commonwealth Ct. 285, 505 A.2d 385 (1986) this Court stated that although Pa.R.C.P. No. 1030 requires the defense of immunity from suit be raised in New Matter, if the defense of immunity is apparent on the face of the challenged pleading, the defense of immunity will be considered on preliminary objection unless the opposing party challenges this procedure by filing preliminary objections. In *McCreary*, the appellant filed preliminary objections raising the defense of governmental immunity and this Court held that the trial court should have stricken the city's preliminary objections, thereby requiring the city to plead immunity from suit in New Matter. Our Court reversed the trial court and remanded.

---

1. Pa.R.C.P. No. 1030 provides that the affirmative defense of immunity shall be pleaded in a responsive pleading under the heading "New Matter." Pa.R.C.P. No. 1017(b)(2) provides that "[p]reliminary objections are available to any party and are limited to. . . . (2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter. . . ."

■ In this case, the trial court had before it Appellants' preliminary objections to the City's preliminary objections, but did not strike the City's preliminary objections and direct the City to file an Answer and New Matter. Review of the City's preliminary objections reveals that the trial court's sustaining of the City's preliminary objections was not in error. In its preliminary objections, the City informed the trial court that Island Avenue is a state highway designated as such by the State Highway Act of 1961, Act of September 18, 1961, P.L. 1389, *as amended,* 36 P.S. §§ 1758–101—1758–701.[2] The City also averred in its preliminary objections that the Appellants failed to state a cause of action against the City because the City is not responsible for dangerous conditions on state highways and because the City cannot be held liable for the actions of the SEPTA driver.[3] In its Petition for Reconsideration the City asked the trial court to reconsider its preliminary objections on the basis of the Pennsylvania Supreme Court's decision in *Swank.*[4]

The trial court did not grant the City's preliminary objections on the basis of immunity:

The City seeks dismissal from this action based upon the fact that Island Avenue is a state highway designated as Legislative Route 67281 by Pennsylvania Act 615 of September 18, 1961 and therefore, the Commonwealth is the party solely responsible for repair and maintenance as well as all necessary building, improving and reconstructing of any such road adopted as a state highway. 71 P.S. § 512(10) and (11). This Court finds no basis for Plaintiff's allegation that the City in any way controlled the situs of Plaintiff's accident.

Plaintiff's Complaint also alleges that the City is responsible for the careless and negligent design of Island Avenue. See Plaintiff's Complaint, Paragraph 43(a).

2. City's Preliminary Objections, Paragraph 6, at 2, Reproduced Record (RR) at 46a.

3. *See* City's Preliminary Objections, Paragraphs 7–9, at 2, RR at 47a.

4. City's Petition for Reconsideration, RR at 152a–153a.

However, the Supreme Court of Pennsylvania has held that once a road initially designed by a municipality has been adopted by the state highway system, the municipality may not be held liable for said negligent design as a matter of law (citation omitted).

Trial Court's opinion, November 21, 1988, at 1–2.

■ Appellants next argue that the City through its preliminary objections improperly supplied facts missing in Appellants' Complaint, specifically that jurisdiction of Island Avenue, the situs of the accident, passed to the Commonwealth in 1961, pursuant to the State Highway Act of 1961. Appellants cite this Court's decision in *Wells v. Southeastern Pennsylvania Transportation Authority*, 105 Pa. Commonwealth Ct. 115, 523 A.2d 424 (1987) that a demurrer cannot aver the existence of any facts not apparent from the face of the challenged pleading. The City argues, and we agree, that the trial court did not err in taking judicial notice of the State Highway Act of 1961. "It may also be stated, however, as a rule universally recognized, that courts will take judicial notice of its public statutes. Such laws need not be pleaded or proved...." *Goldberg v. Friedrich*, 279 Pa. 572, 574, 124 A. 186, 188 (1924). *See also Appeal of Unangst*, 333 Pa. 489, 5 A.2d 201 (1939).

Appellants request a remand because of additional allegations set forth in their Complaint. In Count V of the Complaint, the Appellants allege that the City was careless and grossly negligent in the design, construction and maintenance of Island Avenue between Lindbergh Boulevard and Buist Avenue;[5] and that the City, either alone or jointly, owned, possessed, and controlled Island Avenue and the structures and improvements thereon.[6] Appellants also allege, in Paragraph 41, that "[o]n information and belief, at all times material hereto, Defendant City was acting as the agent of and for Defendant SEPTA, Defendant PennDOT,

5. *See* Appellants' Complaint, Paragraph 43(a), at 16, Reproduced Record (RR) at 21a.

6. Appellants' Complaint, Paragraph 42, at 16, RR at 21a.

the Defendant Commonwealth of Pennsylvania, or all of them;"[7] that the City failed to erect proper structures, facilities protective barriers or guards, warning signals, safety devices, or other structures;[8] and that "it failed to properly require the erection, installation, or construction of proper structures, facilities, protective barriers or guards, warning signals, safety devices ... necessary for the protection of pedestrians from the operation of the trolley cars on the public street at and near the location of the collision."[9]

In determining whether to sustain preliminary objections in the nature of a demurrer, all well-pleaded facts and all inferences that may be deduced therefrom, but not conclusions of law, must be accepted as true. *County of Allegheny v. Dominijanni*, 109 Pa. Commonwealth Ct. 484, 531 A.2d 562 (1987). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and doubts should be resolved against sustaining the demurrer. *Id.* However, any argumentative allegations or expressions of opinion are not accepted as true. *Firing v. Kephart*, 466 Pa. 560, 353 A.2d 833 (1976).

*Malia v. Monchak*, 116 Pa. Commonwealth Ct. 484, 489, 543 A.2d 184, 187 (1988).

Appellant Husband was struck in the middle of a street that has been under the jurisdiction of the Commonwealth for almost thirty years. The instrumentality that allegedly caused the accident was a trolley, owned and controlled by SEPTA and confined to tracks owned by SEPTA and located in the Commonwealth highway. The trial court found no basis for the Appellants' conclusion that the City in any way controlled the situs of the Appellant Husband's accident. The trial court ultimately granted the City's preliminary objections based upon the fact that Island Avenue is a state

7. Appellants' Complaint, Paragraph 41, at 15, RR at 20a.
8. Appellants' Complaint, Paragraph 43(b), at 16, RR at 21a.
9. Appellants' Complaint, Paragraph 43(g), at 18, RR at 23a.

highway pursuant to the State Highway Act of 1961. As noted in the Supreme Court's *Swank* decision:

> The exclusive authority and jurisdiction over all state designated highways rests with the Department of Transportation. 71 P.S. § 512(10).
>
> When a township road has been adopted as a state highway, it is the duty of the Commonwealth, through its Department of Transportation, to rebuild and improve a highway, if necessary.
>
> . . . .
>
> Prior control over the road does not impose a duty upon the township to improve or reconstruct the road; nor does a township retain the authority to improve or reconstruct a road located within the township once the road is incorporated into the state highway system. It is apparent that the Appellant was divested of any authority to alter the design of the road after it was adopted as part of the state highway system in 1931.
>
> . . . .
>
> Having determined, as a matter of law, that the township may not be held liable for a negligent design once the road has been adopted by the state highway system, we find that summary judgment is appropriate. (Footnote omitted.)

*Swank*, 504 Pa. at 293–295, 472 A.2d at 1066–1067.

In *Swank*, the Supreme Court noted that the appellant had not asserted the existence of an agreement between Bensalem Township and PennDOT for sharing the costs of construction, reconstruction, or maintenance of the state road. In the matter *sub judice*, Appellants did allege agency on behalf of the City in their Complaint. The City argues that Appellants have failed to set forth any specific factual basis for their agency averment except the statement that Beck was an employee of SEPTA, and its agent.[10] The City asserts that only well-pleaded facts must be accepted as true in the demurrer determination. A complaint

10. Appellants' Complaint, Paragraph 6, at 2, RR at 7a.

must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. " 'It should formulate the issues by fully summarizing the material facts.' " *Department of Transportation v. Bethlehem Steel Corporation,* 28 Pa. Commonwealth Ct. 214, 219, 368 A.2d 888, 892 (1977) quoting *General State Authority v. The Sutter Corporation,* 24 Pa. Commonwealth Ct. 391, 395, 356 A.2d 377, 381 (1976). Review of Appellants' Complaint reveals that Appellants' averment of agency on behalf of the City was simply that, a single statement that the City was an agent "of and for" the other defendants. In fact, Appellants have alleged that each defendant is an agent "of and for" the other. " '[T]he lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement. Goodrich–Amram § 1019(2)–10 & 11.' *United Refrigerator Co. v. Applebaum,* 410 Pa. 210, 213, 189 A.2d 253, 255 (1963)." *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Superior Ct. 126, 134, 396 A.2d 677, 681 (1978). "As a minimum, a pleader must set forth concisely the facts upon which his cause of action is based." *Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Publishing Corp.,* 451 Pa. 154, 162, 301 A.2d 684, 688 (1973). Appellants did not set forth the facts upon which their agency claim was based.

■ Finally, Appellants argue that the allegation that the City breached its duty to provide safety devices to pedestrians was sufficient to require a jury's consideration. We disagree. In a similar case, *Bryson v. Solomon,* 97 Pa. Commonwealth Ct. 530, 510 A.2d 377 (1986) *allocatur denied,* 519 Pa. 668, 548 A.2d 257 (1988) this Court found no mandatory duty on behalf of the City to erect traffic controls under Section 1758–203 of the State Highway Act, 36 P.S. § 1758–203, wherein the decedent was fatally injured while crossing a designated state highway in the City of Philadelphia. In *Bryson,* this Court concluded that the City was immune from suit under the Judicial Code and

affirmed the trial court's conclusion that no statutory cause of action existed. Appellants do not allege that the City voluntarily assumed a duty by actually erecting traffic controls in the accident area. Accordingly, there is no merit to Appellants' argument that the City is liable for negligently maintaining said traffic devices under *Bryson* and *Swank.*

Having concluded that the trial court did not err in its consideration and ultimate sustaining of the City's preliminary objections, we affirm.

## ORDER

AND NOW, this 20th day of November, 1989, the order of the Court of Common Pleas of Philadelphia County dated November 21, 1988, at No. 5447, April Term, 1988, is hereby affirmed.