## Gibbons v. Wiseman

*Michael S. Goodwin,* for plaintiff.
*Michael Cognett* and *Cynthia E. Covie,* for defendant Upper Southampton Township.
*Thomas J. Intersoll,* for defendant Warminster Township.

McANDREWS, *J.,* November 1, 1991—This matter comes before the court on the motions of cross-claim defendants, Upper Southampton Township and Warminster Township, each of which seek summary judgment in its favor and against all other parties.

On August 31, 1987, defendant Jeffrey Wiseman's automobile struck that of plaintiff Susan Gibbons, causing injuries to her. The collision occurred at the intersection of Street and Davisville roads on the border between Upper Southampton and Warminster townships, Bucks County, Pennsylvania. As a result of the accident, Gibbons instituted a lawsuit in tort against Wiseman. Wiseman, in turn, has filed a cross-claim against Upper Southampton Township, Warminster Township and the Department of Transportation of the Commonwealth of Pennsylvania.

Defendant Wiseman alleges that the traffic signal at the intersection was negligently designed in several

respects, including the timing sequence of the lights and the visibility of the lights to motorists. It is alleged that the design of the traffic signal was the cause of the accident. Street Road is a state highway, and Davisville Road is a township road maintained by the two municipalities. The traffic signal was designed by PennDOT.

A motion for summary judgment may only be granted where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 10254(b), 42 Pa.C.S. (1987). The party which seeks summary judgment has the burden of proving to the court that there is no genuine issue of material fact, and all doubts or questions of fact must be resolved in favor of the non-moving party. *Penn Center House Inc. v. Hoffman,* 529 Pa. 171, 176, 553 A.2d 900, 903 (1989); *Simpson v. Pennsylvania Bd. of Probation and Parole,* 81 Pa. Commw. 432, 435, 473 A.2d 753, 754 (1984).

The first position taken by the moving parties in this matter is that, as governmental units, they are entitled to governmental immunity. The granting of summary judgment is proper where an action is barred as a matter of law by governmental immunity. However, where disputed factual issues exist as to whether the action is within the scope of statutory immunity, summary judgment must be denied. *Beardell v. Western Wayne School District,* 91 Pa. Commw. 348, 351, 496 A.2d 1373, 1376 (1985).

Exceptions to governmental immunity are set forth at section 8542(b) of the Political Subdivision Tort Claims Act. The relevant exception here is that the municipality *may* be liable for "[a] dangerous condition of lights or other traffic controls ... under the care,

custody or control of the local agency." 42 Pa.C.S. 8542(b)(4) (1982).

Defendant Wiseman asserts that the intersection of Davisville and Street roads was dangerous because of the design of traffic lights and lane markings. However, the exception to the immunity provision arises if and only if those traffic controls were under the care, custody or control of the municipalities.

In *Mindala v. American Motors Corp.,* 518 Pa. 350, 543 A.2d 520 (1988), our Supreme Court held that a traffic control was not under the care, custody or control of the municipality where the local unit had no legal authority to act on the condition of the traffic control. Justice Zappala wrote that:

"Section 8542(b)(4) requires that 'traffic sign' to be in the 'care, custody or control' of the local agency and it is here that the appellants' argument fails. The legislature could not have been more clear in its requirement that to impose liability upon the local agency, that agency must have the specific authority to act." *Id.* at 364, 543 A.2d at 527.

For a cause of action to lie against the municipality, it must have had the authority to take requisite action to effectively address the condition of the traffic control. In *Mindala,* for example, "the local agency must have had the authority to install a *stop sign* in order to come within this exception." In the present case, the municipalities must have had the authority to design the timing of the traffic lights in order to come within the exception of section 8542(b)(4) of the Tort Claims Act.

The facts as to the municipalities' to act are not in dispute. Section 6122(a)(1) of the Vehicles Code provides that the Commonwealth has exclusive jurisdiction for placement of traffic control devices on state des-

ignated highways. 75 Pa.C.S. §6122(a)(1) (1977). Furthermore, regulations promulgated by PennDOT prohibit municipalities from correcting or modifying traffic control devices without express authority to do so from the Commonwealth. 67 Pa. Code 211.6(b) (1981).

The *Mindala* court noted that each statutory exception to governmental immunity is to be narrowly interpreted. 518 Pa. at 364, 543 A.2d at 527. Accordingly, we may not broaden the meaning of "care, custody or control" to encompass situations where the municipality has no effective authority to correct or modify the design of the traffic light.

The poor design of the traffic light fails to support a claim against either Upper Southampton or Warminster township because the lights in question were not designed by the municipality nor were they under the care, custody or control of the townships within the meaning of section 542(b)(4). Therefore, no relevant exception to the townships' governmental immunity exists, and the claim against the townships is barred.[1]

In actions based upon tort theories of recovery, a motion for summary judgment may properly be granted where the claimant fails to establish one of the elements of its cause of action. Specifically, where no duty

---

1. Our finding of governmental immunity is *not* based on the rule in *Crowell v. City of Philadelphia,* 131 Pa. Commw. 418, 570 A.2d 626 (1990), *alloc. granted* 525 Pa. 550, 582 A.2d 1311 (1990), which held that a municipality cannot be liable as a joint tortfeasor where the harm was proximately caused by the negligence of an additional defendant, who may have been facilitated in his conduct by a dangerous condition of traffic controls. *Crowell* was essentially overruled in *Buschman v. Druck,* 139 Pa. Commw. 182, 590 A.2d 53 (1991), in which the Commonwealth Court sitting *en banc* held that the Commonwealth can be liable as a joint tortfeasor in a similar fact situation.

is owed by the defendant, summary judgment must be granted. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 213-14, 412 A.2d 466, 474 (1979).

Even if the light can be viewed as under the care or custody of the municipalities, with regard to their maintenance responsibilities, defendant Wiseman still has not stated a cross-claim for which relief might be granted.

In *Farber v. Engle,* 106 Pa. Commw. 173, 179, 525 A.2d 864, 867 (1987), in which the municipality was held to be governmentally immune, the court in dicta held that once traffic controls are erected, "a suit alleging negligent maintenance of traffic controls might lie against the municipality." In the present case, there was no allegation of negligent maintenance. There had been no malfunction of or damage to, the light. The gravamen of defendant Wiseman's cross-claim is that the signalling at the intersection was wrongly designed in the first instance. Any remedy to this situation would necessarily involve the re-design of the new signalling scheme. Clearly, only PennDOT may authorize a new signalling scheme. The only corrective action which could have been taken by the townships would have been to notify the Commonwealth.[2]

Such a duty has not been recognized at law in this Commonwealth. In *Swank v. Bensalem Township,* 504 Pa. 291, 472 A.2d 1065 (1984), plaintiff sued the municipality on the theory that it had negligently designed a road which was ultimately adopted as a state highway.

---

2. Defendant Wiseman has submitted a letter, dated August 5, 1987, from Chief Stevens of the Upper Southampton Township Police Department, notifying a PennDOT regional official of the situation at the intersection. Thus, Upper Southampton Township has even gone so far as to take the only action it legally could take in alleviating the problem.

Our Supreme Court decided as a matter of law that the township could not be held liable for the allegedly negligent design, once the road had been adopted by the state highway system. *Id.* at 293-94, 472 A.2d at 1067. In *Calvanese v. Leist,* 70 Pa. Commw. 251, 452 A.2d 1125 (1982), plaintiff alleged that the municipality should be held liable for its failure to notify PennDOT of the dangerous condition of the state highway, to wit that it was covered with mud and debris, and that signs warning of an upcoming curve were obscured by trees and bushes. The court refused to recognize a duty to notify the Commonwealth of such a condition. *Id.* at 252, 452 A.2d at 1126. And in *Rinaldi v. Giblin,* 70 Pa. Commw. 253, 452 A.2d 1126 (1982), a similar allegation was made against a municipality, the dangerous condition being the removal of a "No Left Turn" sign. The court concluded that "absent a statute imposing such a duty to warn, the township may not be held liable for failure to notify the Commonwealth of such a hazard." *Id.* at 254, 452 A.2d at 1127. *See also Buffaline v. Shrader,* 112 Pa. Commw. 228, 237, 535 A.2d 684, 689 (1987). Similarly, in the present case, defendant Wiseman apparently asserts that the township had a duty to correct a dangerous condition on state highways, in this case poorly-designed signalling.

In asserting that the municipalities owe a duty to take corrective action or to warn motorists of an existing hazardous condition, defendant Wiseman relies on *Mindale,* in which a theoretical duty was found to arise out of a "special relationship which warrants protection" of the potential victim from harm. 518 Pa. at 358, 543 A.2d at 524. In *Mindala,* the Supreme Court commented by way of dicta that a municipality has a duty in fact to reasonably exercise its statutory authority

to regulate traffic where (a) such statutory authority existed; (b) it had knowledge of a dangerous situation, and (c) possessed the capability to rectify the problem. *Id.* at 363, 543 A.2d at 527. Significantly, while the court found a theoretical duty, it declined to impose it in practice, relying upon governmental immunity.

Without analyzing whether all three prerequisites to duty exist in the present case, we note that the only corrective option available to the municipalities would have been to station a police officer at the intersection until such time as the lighting was redesigned. Since the municipalities lacked any authority to rectify poor signal design, defendant Wiseman is apparently advocating a duty to assign for an indefinite period of time a police officer to any intersection about which complaints have been received as to poor signal design. Such a duty would be highly burdensome and impractical. The municipalities' ability to rectify the problem is questionable, and probably not feasible. We, therefore, conclude that defendant Wiseman has not established the facts necessary for the court to find a duty based on a special relationship.

Defendant Wiseman has also alleged that lane markings at the intersection had been negligently designed. But lane markings are not "traffic controls" for the purpose of section 8542(b)(4) of the Tort Claims Act. Under section 102 of the Vehicles Code, a "traffic-control signal" is defined as a "device, whether manually, electrically or mechanically operated, by which traffic is alternately directed to stop and permitted to proceed." 75 Pa.C.S. §102 (1977).

Under section 8542(b)(6)(ii) of the Tort Claims Act, there is an exception from governmental immunity where there is a dangerous condition of streets owned or under the jurisdiction of Commonwealth agencies,

but only where the municipality "has entered into a written contract" with the Commonwealth for maintenance and repair of the street. 42 Pa.C.S. §8542(b)(6)(ii) (1982). No such contract has been pleaded, and thus, this exception is inapplicable.

Section 8542(b)(6)(i) of the Tort Claims Act provides for an exception from governmental immunity where there is a dangerous condition of municipal streets. 42 Pa.C.S. 8542(b)(6)(i) (1982). However, an examination of the pleadings, read in the light most favorable to Wiseman, reveals that it is impossible that any markings on Davisville Road had any effect on the accident. Immediately prior to the accident, the Wiseman automobile was proceeding eastbound on Street Road and the Gibbons automobile was proceeding westbound on Street Road. Both were approaching Davisville Road. The accident occurred when Wiseman attempted a left turn, entering the intersection and striking the Gibbons automobile. The accident occurred wholly within the intersection. Thus, the entire incident took place on Street Road, a state highway.

We conclude that the cross-claim of defendant Wiseman is barred as a matter of law by governmental immunity. Furthermore, we note that the cross-claim is deficient in failing to allege a duty recognized at law for the municipalities to have corrected the situation regarding the poorly-designed traffic signals.

Therefore, there is no genuine issue as to any material fact, and cross-claim defendants Upper Southampton and Warminster townships are entitled to judgment as a matter of law. Accordingly, we enter the following

## ORDER

And now, November 1, 1991, for the reasons aforementioned, it is hereby ordered and decreed that:

(1) The motion for summary judgment of defendant Upper Southampton Township is granted. Judgment is entered in favor of defendant Upper Southampton Township and against all other parties;

(2) The motion for summary judgment of defendant Warminster Township is granted. Judgment is entered in favor of defendant Warminster Township and against all other parties.