634 A.2d 689

## Camillo DeLELLIS

v.

## BOROUGH OF VERONA and Borough of Verona Police Pension Fund, Appellants.

Commonwealth Court of Pennsylvania.

Argued March 5, 1993.

Decided Nov. 17, 1993.

---

John Jay Edson, for appellants.

Michael J. Colarusso, for appellee.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Borough of Verona and the Borough of Verona Police Pension Fund (collectively referred to as Verona) appeal from the order of the Court of Common Pleas of Allegheny County (trial court) which granted Camillo DeLellis' (DeLellis) motion for judgment on the pleadings in an action filed by DeLellis against Verona.

The facts are not in dispute. DeLellis was a member of Verona's police force. At age 62 he took early retirement. Thereafter, DeLellis began receiving pension benefits from Verona in accordance with the Police Pension Act (Act).[1] DeLellis continued with other employment following his retirement from Verona's police force. When DeLellis reached age 65, Verona reduced the amount of pension benefits he was receiving to 75% of his primary social security benefit, i.e., by $274.50 per month, pursuant to Section 771 of the Act.[2]

DeLellis commenced this action on September 10, 1991, when he filed a complaint with the trial court alleging that Verona had improperly reduced his pension benefits. DeLel-

1. Act of May 24, 1893, P.L. 129, *as amended*, 53 P.S. §§ 761–778.
2. Section 771 provides, in pertinent part, as follows:
   [T]he basis for determining any pension payable under this act, following retirement of any member of the force meeting the service and age qualifications of the ordinance or resolution establishing a police pension fund shall be as follows:
   . . . .
   (ii) if positions covered by the fund are included in an agreement under the Federal Social Security Act, up to seventy-five per centum of his full social security old-age insurance benefit calculated in accordance with the provisions of the Federal Social Security Act in effect on the date of his termination of employment, *except that such amount shall be included only upon attainment of the age at which the officer would be eligible to receive full social security old-age insurance benefits* and in determining such eligibility and such amount only compensation for services actually rendered by the officer and covered by the police pension fund shall be included . . .
   (Emphasis added).

lis specifically averred that because of his continued employment, following his retirement, he has not yet begun *receiving* social security benefits. Thus, he maintained that Section 771 of the Act could not be used by Verona to set off his pension benefits. DeLellis sought reimbursement of the $274.50 deducted from his pension benefits since May 5, 1989. After a timely answer and new matter were filed and responded to, Verona, on December 16, 1991, filed a motion for summary judgment asserting that the deduction in DeLellis' pension was proper and in accordance with the plain language of Section 771 of the Act. The trial court denied Verona's motion. Thereafter, DeLellis filed a motion for judgment on the pleadings which the trial court granted.

The trial court, although recognizing that the plain language of Section 771 seems to support Verona's set off of DeLellis' pension benefits as DeLellis attained the "age at which ... [he] would be eligible to receive full ... benefits," nonetheless, determined that the set off was improper. The trial court based its conclusion upon determining that "the *purpose* of the set off should be the controlling consideration." (R.R. 62a) (Emphasis ours). The trial court went on to conclude that the purpose of Section 771 is to prevent a police officer from receiving duplicate retirement benefits attributable to the same employment, and that because DeLellis was not yet receiving Social Security benefits, due to his continued employment, he would not be receiving duplicate benefits. (See trial court opinion at p. 6).

On appeal[3] Verona contends that the trial court erred in interpreting Section 771 of the Act. Verona maintains that because the clear and unambiguous language of Section 771 authorizes a set off of pension benefits, the trial court went beyond the mandates of statutory construction in

---

3. We note that our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law, or violated constitutional rights. *Jackson v. Southeastern Pennsylvania Transportation Authority,* 129 Pa.Commonwealth Ct. 596, 566 A.2d 638 (1989), *appeal denied,* 527 Pa. 656, 593 A.2d 426 (1990).

construing the purpose of the Act in arriving at its decision. We agree.

Initially, we note that the trial court, in its discovery of the purpose of Section 771, has failed to provide citation to any authority such as legislative history, or a purpose section within the Act. Instead, under the guise of statutory interpretation, the court has merely stated what it presumes to be the purpose of Section 771. It has long been a rule of statutory construction that where the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). The trial court's gratuitous determination of the legislative purpose of Section 771 was unwarranted absent statutory or legislative authority and where, as here, the statutory language is clear.

Section 771 states clearly and unambiguously that an officer's pension benefits "shall be ... seventy-five per centum of ... social security ... [upon] *attainment of the age at which the officer would be eligible to receive full social security....*" Here, there is no question that DeLellis, at age 65, has attained the age at which he is eligible to receive full social security benefits though he is not "actually" *receiving* said benefits because of his continued employment.[4] We think the statutory language is clear that because DeLellis is eligible for social security benefits, although not receiving them, that Verona, pursuant to Section 771, was entitled to offset his pension.[5] Accordingly, as the trial court concluded otherwise, we reverse its order.

---

**4.** We note that parties agree that DeLellis, at age 65, became eligible to receive full social security benefits and that DeLellis has not received said benefits, due to his continued employment. The only issue which has been raised herein is whether or not an officer's pension benefits may be off set pursuant to Section 771 when he has not *actually received* said benefits.

**5.** We note that if the legislature intended the result argued by DeLellis and accepted by the trial court it would have inserted language stating that upon "actual receipt" of social security benefits an officer's pension benefits would become 75% of said benefits. However, the legislature did not provide such language and we cannot ignore the clear language provided in the statute to the contrary.

## ORDER

AND NOW, this 17th day of November, 1993, the order of the Court of Common Pleas of Allegheny County dated April 24, 1992 is reversed.

FRIEDMAN, Judge, dissenting.

I must respectfully dissent.

The Legislature has provided that a retired police officer's pension benefits must be reduced "upon attainment of the age at which the officer would be eligible to receive full social security old-age insurance benefits...." Act of May 29, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. § 771 (Supp.1993–94). No one disputes that Camillo DeLellis, the pensioner of the Borough of Verona (the Borough), retired from his employment as a police officer at age 62. He collected his full police pension while continuing to work. At age 65, the Borough reduced his police pension in accordance with the legislation quoted above. DeLellis was still working at the time of oral argument in this case.

DeLellis filed a complaint in the Court of Common Pleas of Allegheny County, seeking that his full pension benefits be restored. Following the completion of the pleading process, both parties eventually requested summary judgment which the trial court granted in favor of DeLellis by order dated April 24, 1992. The Borough then appealed to this court.

What did the Legislature intend by its use of the language "upon attainment of the age at which the officer would be eligible to receive full social security old-age benefits"? De-Lellis argues that the reduction in pension benefits does not occur until he *actually* begins receiving *full* social security benefits. Even the Borough admits that DeLellis will not receive *full* social security benefits until age 70 should he continue to work. On the other hand, the Borough argues that if the Legislature intended DeLellis' interpretation, the Legislature would have said that the reduction was to occur when the pensioner *actually* began receiving *full* Social Security benefits. Stating that "the statutory language is clear",

(Slip opinion at p. 5), the majority accepts the Borough's argument and reverses the trial court's order.

Because my reading of the statutory language leads me to a conclusion contrary to that of the majority, I must dispute the majority's characterization concerning the clarity of the statute. The position taken by the Borough, and accepted by the majority, in my view, rewrites the legislation. I believe that if the Legislature intended to reduce pension benefits at age 65 whether or not the pensioner was receiving full social security benefits, it would have provided that the reduction was to occur *upon attainment of age 65.* Instead, the Legislature used language that would trigger the reduction at the age where the pensioner "would be eligible" for full Social Security benefits, an age dependent upon the individual circumstances of each case.[1] As long as DeLellis continues to work, he simply *is not eligible to receive full* Social Security benefits until he reaches age 70. Because he is not yet eligible to receive full benefits, I would affirm the order of the trial court.

---

1. I must also note that the legislature has used the term "the officer" which specifically designates the individual officer whose pension rights are at issue.