**Commonwealth v. Gorrell**

*Shawn Wagner,* for plaintiff.
*Howard Lee Gorrell,* pro se.

GEORGE, *J.,* October 19, 2006—On July 19, 2005, Officer Larry Weikert, while patrolling in the Borough of Gettysburg in full uniform and a marked police vehicle, noticed the defendant, Howard Lee Gorrell, traveling in the opposite lane of travel with an expired inspection sticker. Upon effectuating a vehicle stop, it became apparent to Officer Weikert that Gorrell had speech and hearing disabilities. Accordingly, the two communicated via written notes. Following a routine license and registration check, the officer discovered that Gorrell was operating his vehicle with a suspended Maryland license.[1] In addition, Officer Weikert noticed in Gorrell's open glove compartment the presence of several hearing notices. The officer asked, and Gorrell obliged to produce one such document which revealed that Gorrell was scheduled to appear before Magisterial District Judge Dubbs for a driving under suspension citation.[2] As a result of the above, Officer Weikert issued a citation for driving with an expired inspection, 75 Pa.C.S. 4703, as well as driving with a suspended license, 75 Pa.C.S. 1543(a).

---

1. Both Maryland and Pennsylvania are parties to the interstate driver's license compact. See 75 Pa.C.S. §1581 and Md. Code, Transportation, §16-701 et seq. Accordingly, due to Gorrell's suspension in Maryland, his operating privileges were also suspended in this Commonwealth.

2. This court takes judicial notice that Magisterial District Judge Dubbs presides in District Court no. 19-1-03 located in Hanover Borough, York County.

On August 1, 2006, a summary appeal hearing was held and Gorrell was found guilty of driving with a suspended license.[3] In his appeal, Gorrell does not challenge the sufficiency of the evidence. Rather, he alleges several grounds of trial court error in conducting the de novo hearing.

Initially, Gorrell claims that this court committed error in denying the admission of several defense exhibits. During the de novo hearing, Gorrell made reference to, and provided the court copies of, a subpoena, several court cases and a number of federal regulations. However, he never formally moved for admission of those documents. Nevertheless, he currently claims that the court failed to admit the exhibits as evidence. Clearly, trial error cannot exist on a claim that the court erred in failing to admit documents which were never formally moved for admission. See *Gilmore by Gilmore v. Dondero,* 399 Pa. Super. 599, 604, 582 A.2d 1106, 1108 (1990) (trial court cannot be found in error when not given the opportunity to rule upon the issue).

Moreover, if Gorrell's actions at trial can somehow be interpreted as a request to introduce exhibits, the exhibits were, nevertheless, inadmissible as irrelevant. As mentioned, the exhibits which Gorrell claimed that the court failed to admit consisted of copies of court opinions, including a settlement agreement in an unrelated matter, and federal regulations. The items sought to be introduced by Gorrell were not exhibits relevant to the proceedings but, rather, legal authority which Gorrell sought

---

3. Gorrell's appeal was limited to the driving under suspension citation.

to introduce in support of his argument for dismissal. This court properly reviewed and considered those items, however, determined they did not present a meritorious defense.[4] Clearly, this was not error.

The other item which Gorrell complains this court failed to admit was an exhibit consisting of a subpoena to which he claims the Commonwealth did not respond. Apparently, Gorrell was seeking to obtain copies of the written notes exchanged between him and the arresting officer on the date of the incident; the police report completed by the officer at the time of the incident; and the policy of the Gettysburg Borough police in regard to dealing with disabled individuals which Gorrell alleges is required under the American Disabilities Act and related regulations. The cornerstone underlying his request is his belief that because the Gettysburg Borough Police Department has not adopted such a policy, the charges must be dismissed.

Initially, the summary case before the court for a traffic offense is not a "court case" within the meaning of the Pennsylvania Rules of Criminal Procedure, and thus the rules related to pretrial discovery are inapplicable. *Commonwealth v. Lutes,* 793 A.2d 949 (Pa. Super. 2002). Thus, any failure on the part of the Commonwealth to provide responses to Gorrell's pretrial requests for discovery is not a basis for a preclusion of evidence or

---

4. Undoubtedly, the court must take judicial notice of public statutes and other matters of law. See *Commonwealth v. Brown,* 428 Pa. Super. 587, 593, 631 A.2d 1014, 1017 (1993) (court must take judicial notice to the contents of the *Pennsylvania Bulletin*); *Jackson v. SEPTA,* 129 Pa. Commw. 596, 602, 566 A.2d 638, 641 (1989) (courts will take judicial notice of public statutes).

dismissal of charges, as Gorrell's requests were unauthorized. Therefore, as it relates to error in pretrial discovery, Gorrell's argument is meritless.

Although pretrial discovery in a summary proceeding is not authorized by the Rules of Criminal Procedure, Gorrell does have the right to the compulsory appearance of witnesses and exhibits. Accordingly, had a subpoena to the Commonwealth to produce relevant documentation at hearing not been honored, appropriate relief might follow. However, instantly, the arresting officer brought to the hearing those documents sought by Gorrell which existed and were relevant to the proceedings. In fact, the notes which Gorrell desired were shared with him during the summary trial. Transcript August 1, 2006 hearing, p. 15. In regard to the police report, Gorrell was advised that none existed. I am unaware of any authority or statutory law that requires, or even permits, dismissal of criminal charges based upon a police officer's failure to produce a report which doesn't exist.

The final item sought by Gorrell through the subpoena was the policy of Gettysburg Borough governing their police department's interaction with disabled persons. Gorrell alleges that such a policy is required under the American Disabilities Act. Even if Gorrell is correct in his assessment, and presuming that the Gettysburg Borough has not adopted such a policy, there is no basis to grant Gorrell the relief of dismissal which he requests. After thorough review of the American Disabilities Act and related regulations, I have failed to discover any support for Gorrell's argument that dismissal of criminal charges is appropriate where a violation of the act occurs. Since a violation of the American Disabilities Act is not a basis for the suppression of evidence, the borough's

alleged failure to provide information related to policy developed as a result of this act is not relevant to the criminal proceedings against Gorrell.

Gorrell's reliance on *Commonwealth v. Robinson,* 834 A.2d 1160 (Pa. Super. 2003), is misplaced as it does not discuss the issue raised by Gorrell. Rather, the *Robinson* case stands for the proposition that a deaf mute motorist is not entitled to suppression of evidence derived at a DUI checkpoint which lacks the assistance of a certified sign language translator. If anything, the *Robinson* opinion supports the concept that the dismissal of charges does not automatically flow from a police department's lack of formal policy in dealing with handicapped defendants.

Therefore, the existence or nonexistence of such a policy by Gettysburg Borough is irrelevant. Assuming, in arguendo, that the police officer failed to produce a written policy adopted by Gettysburg Borough pursuant to the subpoena, there is no prejudice to Gorrell in that the policy is irrelevant.

Since the evidence sought to be introduced by Gorrell was either improper or inadmissible, his claim of trial error by this court in failing to admit the evidence of the subpoena is meritless.

Gorrell's second and third arguments on appeal are adequately addressed by the discussion above.[5] Accordingly, affirmance of sentence is requested.

5. In these remaining arguments, Gorrell alleges: the court committed an error of law in granting "summary judgment" to the Commonwealth though the court acknowledged that plaintiff was not in compliance with federal regulations; and the court committed an error of court rule in failing to "request for a copy of plaintiff's police report or similar though plaintiff had not such report."